UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05 10354 DPW

| | |
|---|---|
| KIMBERLY STOYLE,<br>             Plaintiff<br><br>vs.<br><br>THE MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN<br>D'AGOSTINO, TOWN OF MANSFIELD<br>BOARD OF LIGHT COMMISSIONERS,<br>LOUIS AMORUSO, MICHAEL McCUE,<br>DAVID McCARTER, DANIEL<br>DONOVAN, ROGER ACHILLE and<br>STEVEN MacCAFFRIE,<br>             Defendants | **ANSWER AND JURY DEMAND** |

The defendants, the Mansfield Municipal Electric Department ("MMED"), John D'Agostino, the Town of Mansfield Board of Light Commissioners ("Board"), Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven MacCaffrie, hereby respond to plaintiff's Verified Complaint as follows:

### FIRST DEFENSE

Plaintiff's Verified Complaint fails to state a claim against the defendants upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

Plaintiff's Verified Complaint fails to state a claim against the defendants upon which relief can be granted in that the defendants have no obligation to pay the plaintiff any amount of the loss or damages alleged. Therefore, plaintiff's Verified Complaint must be dismissed.

### THIRD DEFENSE

The defendants respond to the allegations contained in plaintiff's Verified Complaint, paragraph by paragraph, as follows:

## Introduction

The defendants neither admit nor deny the statements contained in the "Introduction" section of plaintiff's Verified Complaint as such statements are mere conclusions of law to which no response is required.

## Jurisdiction and Venue

1. The defendants do not dispute the jurisdiction of this Court.

2. The defendants do not dispute the venue of this Court.

## Procedural History

3. The defendants admit that, on or about December 5, 2002, the plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") against the Town of Mansfield, the MMED and John D'Agostino, alleging sexual harassment, gender discrimination and unlawful retaliation. On June 29, 2004, the MCAD dismissed plaintiff's claims against all respondents for lack of probable cause. Thereafter, the plaintiff filed an appeal from the lack of probable cause finding, but then withdrew her Charge of Discrimination from both the MCAD and EEOC. The defendants neither admit nor deny the purpose for which the plaintiff withdrew her Charge because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

4. The defendants admit that, on or about June 1, 2004, the plaintiff filed a second Charge of Discrimination with the MCAD and EEOC against the Board, Daniel Donovan, Louis Amoruso, Michael McCue and David McCarter, alleging unlawful retaliation and aiding and abetting discrimination. The defendants admit the plaintiff withdrew this Charge on or about February 17, 2005, but neither admit nor deny the purpose for which the plaintiff did so, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

## Parties

5. The defendants admit the allegations contained in Paragraph 5.

6. The defendants admit the allegations contained in the first sentence of Paragraph 6, but deny that the defendant, MMED, is a legal entity separate from the Town of Mansfield. The MMED is a department within the Town. The defendants neither admit nor deny the statements contained in the second sentence of Paragraph 6 as they are mere conclusions of law to which no response is required.

7. The defendants admit the allegations contained in Paragraph 7.

8. The defendants admit the allegations contained in Paragraph 8.

9. The defendants admit the allegations contained in the first sentence of Paragraph 9. The defendants further admit that Mr. McCarter was a member of the Board, but deny he was a member "[a]t all times relevant hereto . . .."

10. The defendants admit the allegations contained in Paragraph 10.

11. The defendants admit the allegations contained in Paragraph 11.

12. The defendants admit the allegations contained in the first sentence of Paragraph 12. The defendants further admit that Mr. Achille was a member of the Board, but deny he was a member "[a]t all times relevant hereto . . .."

13. The defendants admit the allegations contained in Paragraph 13.

14. The defendants admit the allegations contained in the first sentence of Paragraph 14. The defendants further admit that Mr. Donovan was a member of the Board, but deny he was a member "[a]t all times relevant hereto . . .."

## Facts

15. The defendants admit the allegations contained in Paragraph 15.

16. The defendants admit that, on or about March 8, 1999, the MMED hired the plaintiff as Comptroller/Accounting Officer. The defendants deny the remainder of the allegations contained in Paragraph 16.

17. The defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 17 as plaintiff's job description is a written document that speaks for itself. The defendants admit the allegations contained in the second sentence of Paragraph 17.

18. The defendants admit the allegations contained in Paragraph 18.

19. The defendants admit the allegations contained in the first sentence of Paragraph 19. The defendants neither admit nor deny the statements contained in the second sentence of Paragraph 19 as they are mere conclusions of law to which no response is required.

20. The defendants deny the allegations contained in Paragraph 20.

21. The defendants admit that the plaintiff attended certain meetings with Mr. D'Agostino and other Town officials, including Bea Kearney and Richard Boucher (among others), and that such meetings involved financial issues. The defendants deny, however,

plaintiff's self-serving descriptions and summaries of such meetings and, therefore, deny the allegations contained in Paragraph 21.

22. The defendants deny the allegations contained in Paragraph 22. In further response, the defendants state that the alleged hire was a sham created by the plaintiff.

23. The defendants admit that the plaintiff attended certain meetings with Mr. D'Agostino and other Town officials, including Ms. Kearney and Mr. Boucher (among others), and that such meetings involved financial issues. The defendants deny, however, plaintiff's self-serving descriptions and summaries of such meetings and, therefore, deny the allegations contained in Paragraph 23.

24. The defendants admit the allegations contained in the first sentence of Paragraph 24. The defendants further admit that the plaintiff attended certain meetings with Mr. D'Agostino and other Town officials, including Mr. Boucher (among others), and that such meetings involved financial issues. The defendants deny, however, plaintiff's self-serving descriptions and summaries of such meetings and, therefore, deny the allegations contained in Paragraph 24.

25. The defendants admit that the plaintiff attended certain meetings with Mr. D'Agostino and other Town officials, including Ms. Kearney and Mr. Boucher (among others), and that such meetings involved financial issues. The defendants deny, however, plaintiff's self-serving descriptions and summaries of such meetings and, therefore, deny the allegations contained in Paragraph 25.

26. The defendants admit that the plaintiff and Jack Beliveau complained to Mr. Amoruso about Mr. D'Agostino's alleged interference with MMED operations, but deny the remainder of the allegations contained in Paragraph 26.

27. The defendants deny the allegations contained in Paragraph 27.

28. The defendants deny the allegations contained in Paragraph 28.

29. The defendants admit that the plaintiff attended certain meetings with Mr. D'Agostino and other Town officials, including Ms. Kearney and Mr. Boucher (among others), and that such meetings involved financial issues. The defendants deny, however, plaintiff's self-serving descriptions and summaries of such meetings and, therefore, deny the allegations contained in Paragraph 29.

30. The defendants deny the allegations contained in Paragraph 30.

31. The defendants deny the allegations contained in Paragraph 31.

32. The defendants admit the allegations contained in the first sentence of Paragraph 32,

but deny the remainder of the allegations contained in Paragraph 32.

33. The defendants deny the allegations contained in Paragraph 33.

34. The defendants admit that Mr. D'Agostino requested telephone record information from the plaintiff in his capacity as Town Manager and that plaintiff was reluctant and slow to provide such information. The defendants deny the remainder of the allegations contained in Paragraph 34.

35. The defendants admit that, on or about October 17, 2002, Mr. Amoruso met with the plaintiff and Mr. Beliveau at the MMED offices. The defendants further admit that, during this meeting, the plaintiff and Mr. Beliveau described the MMED work environment as stressful and hostile because of Mr. D'Agostino. The defendants deny the remainder of the allegations contained in Paragraph 35.

36. The defendants deny the allegations contained in Paragraph 36.

37. The defendants admit that, on or about December 5, 2002, the plaintiff filed a Charge of Discrimination with the MCAD and EEOC against the Town of Mansfield, the MMED and Mr. D'Agostino, alleging sexual harassment, gender discrimination and unlawful retaliation. The defendants deny the remainder of the allegations contained in Paragraph 37.

38. The defendants deny the allegations contained in Paragraph 38.

39. The defendants admit that Mr. Donovan exercised his constitutional right by expressing an opinion regarding the merits of plaintiff's claims. The defendants further admit that, as found by an independent investigator and the MCAD, Mr. Donovan's opinion regarding the merits of plaintiff's claims was accurate. The defendants deny the remainder of the allegations contained in Paragraph 39.

40. The defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 40 as the alleged memorandum is a written document that speaks for itself. The defendants deny the remainder of the allegations contained in Paragraph 40.

41. The defendants neither admit nor deny the allegations contained in the first sentence of Paragraph 41 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same. The defendants deny the allegations contained in the second sentence of Paragraph 41.

42. The defendants deny the allegations contained in Paragraph 42.

43. The defendants deny the allegations contained in Paragraph 43.

44. The defendants neither admit nor deny the contents of the alleged July 2003 notice as it is a written document that speaks for itself. The defendants call upon the plaintiff to prove same.

45. The defendants neither admit nor deny the contents of the alleged August 26, 2003 notice as it is a written document that speaks for itself. The defendants call upon the plaintiff to prove same.

46. The defendants neither admit nor deny the contents of Mr. Goulet's audit as it is a written document that speaks for itself. The defendants further deny the remainder of the allegations contained in Paragraph 46.

47. The defendants deny the allegations contained in the first sentence of Paragraph 47. The defendants admit the allegations contained in the second and third sentences of Paragraph 47.

48. The defendants admit the allegations contained in the first sentence of Paragraph 48. The defendants deny the allegations contained in the second and third sentences of Paragraph 48. The defendants admit that the Board fired Mr. Beliveau on or about February 12, 2004.

49. The defendants admit that, on or about May 2004, the Board hired Gary Babin as MMED Director. The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 49 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

50. The defendants deny the allegations contained in Paragraph 50.

51. The defendants deny the allegations contained in Paragraph 51.

52. The defendants neither admit nor deny the allegations contained in Paragraph 52 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

53. The defendants deny the allegations contained in Paragraph 53.

54. The defendants deny the allegations contained in Paragraph 54.

55. The defendants neither admit nor deny the allegations contained in Paragraph 55 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

56. The defendants neither admit nor deny the allegations contained in the first and second sentences of Paragraph 56 because they have no actual knowledge of same and, therefore,

call upon the plaintiff to prove same. The defendants admit the allegations contained in the third sentence of Paragraph 56. The defendants deny the allegations contained in the fourth sentence of Paragraph 56.

57. The defendants neither admit nor deny the statements contained in the first sentence of Paragraph 57 as they are mere conclusions of law to which no response is required. The defendants deny that the plaintiff engaged in protected activities and further deny the remainder of the allegations contained in the second sentence of Paragraph 57.

58. The defendants deny the allegations contained in Paragraph 58.

## COUNT I
### (Title VII vs. MMED & D'Agostino)

59. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 58 set forth above.

60. The defendants deny the allegations contained in Paragraph 60.

61. The defendants deny the allegations contained in Paragraph 61.

62. The defendants deny the allegations contained in Paragraph 62.

63. The defendants deny the allegations contained in Paragraph 63.

64. The defendants deny the allegations contained in Paragraph 64.

65. The defendants deny the allegations contained in Paragraph 65.

## COUNT II
### (M.G.L. Ch. 151B Retaliation vs. MMED & D'Agostino)

66. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 65 set forth above.

67. The defendants deny the allegations contained in Paragraph 67.

68. The defendants deny the allegations contained in Paragraph 68.

69. The defendants deny the allegations contained in Paragraph 69.

70. The defendants deny the allegations contained in Paragraph 70.

71. The defendants deny the allegations contained in Paragraph 71.

72. The defendants deny the allegations contained in Paragraph 72.

## COUNT III
### (Title VII Aiding and Abetting vs. Board, Amoruso, McCue, McCarter, Donovan, Achille & McCaffrie)

73. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 72 set forth above.

74. The defendants admit the allegations contained in Paragraph 74.

75. The defendants deny the allegations contained in Paragraph 75.

76. The defendants deny the allegations contained in Paragraph 76.

## COUNT IV
### (M.G.L. Ch. 151B Aiding and Abetting vs. Board, Amoruso, McCue, McCarter, Donovan, Achille & McCaffrie)

77. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 76 set forth above.

78. The defendants admit the allegations contained in Paragraph 78.

79. The defendants deny the allegations contained in Paragraph 79.

80. The defendants deny the allegations contained in Paragraph 80.

## COUNT V
### (Whistleblower Statute vs. MMED & D'Agostino)

81. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 80 set forth above.

82. The defendants deny the allegations contained in Paragraph 82.

83. The defendants deny the allegations contained in Paragraph 83.

84. The defendants deny the allegations contained in Paragraph 84.

85. The defendants deny the allegations contained in Paragraph 85.

## COUNT VI
### (Section 1983 vs. MMED & D'Agostino)

86. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 85 set forth above.

87. The defendants deny the allegations contained in Paragraph 87.

88. The defendants admit they were acting under color of state law. The defendants deny the remainder of the allegations contained in Paragraph 88.

89. The defendants deny the allegations contained in Paragraph 89.

90. The defendants deny the allegations contained in Paragraph 90.

## COUNT VII
### (M.G.L. Ch. 12, §§ 11H & 11I vs. MMED & D'Agostino)

91. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 90 set forth above.

92. The defendants deny the allegations contained in Paragraph 92.

93. The defendants deny the allegations contained in Paragraph 93.

94. The defendants deny the allegations contained in Paragraph 94.

95. The defendants deny the allegations contained in Paragraph 95.

## COUNT VIII
### (Constructive Discharge vs. MMED & D'Agostino)

96. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 95 set forth above.

97. The defendants deny the allegations contained in Paragraph 97.

98. The defendants deny the allegations contained in Paragraph 98.

99. The defendants deny the allegations contained in Paragraph 99.

100. The defendants deny the allegations contained in Paragraph 100.

## COUNT IX
### (Wrongful Termination vs. MMED & D'Agostino)

101. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 100 set forth above.

102. The defendants deny the allegations contained in Paragraph 102.

103. The defendants deny the allegations contained in Paragraph 103.

## COUNT X
### (Intentional Infliction of Emotional Distress v. MMED & D'Agostino)

104. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 103 set forth above.

105. The defendants deny the allegations contained in Paragraph 105.

106. The defendants deny the allegations contained in Paragraph 106.

107. The defendants deny the allegations contained in Paragraph 107.

## COUNT XI
### (Tortious Interference With Advantageous Relations vs. D'Agostino)

108. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 107 set forth above.

109. The defendants deny the allegations contained in Paragraph 109.

110. The defendants deny the allegations contained in Paragraph 110.

111. The defendants deny the allegations contained in Paragraph 111.

## COUNT XII
### (Negligent Retention/Supervision vs. Board, Amoruso, McCue, McCarter, Donovan, Achille & MacCaffrie)

112. The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 111 set forth above.

113. The defendants admit the allegations contained in the first sentence of Paragraph 113. The defendants neither admit nor deny the remaining statements contained in Paragraph

113 as they are mere conclusions of law to which no response is required.

114. The defendants deny the allegations contained in Paragraph 114.

115. The defendants deny the allegations contained in Paragraph 115.

116. The defendants deny the allegations contained in Paragraph 116.

### Prayers for Relief

1. - 4. The defendants deny that the plaintiff is entitled to any of the relief requested.

### FOURTH DEFENSE

Plaintiff's Verified Complaint should be dismissed as any harm the plaintiff suffered is the result of her own actions, inactions, errors and/or omissions.

### FIFTH DEFENSE

Plaintiff's Verified Complaint should be dismissed on the grounds that the plaintiff failed to comply with the applicable statutes of limitation.

### SIXTH DEFENSE

The defendants, MMED and the Board, are not separate legal entities subject to suit and, therefore, plaintiff's claims as against them must be dismissed.

### SEVENTH DEFENSE

The defendants had valid and non-discriminatory reasons for their actions and, therefore, cannot be held liable under Title VII.

### EIGHTH DEFENSE

The plaintiff is judicially estopped from claiming that defendants' actions were motivated by a desire to retaliate against her for engaging in protected activity.

### NINTH DEFENSE

The defendants, John D'Agostino, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven McCaffrie, are protected from liability under the doctrine of qualified immunity.

### TENTH DEFENSE

The defendants, John D'Agostino, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven McCaffrie, state that any alleged statements made concerning the plaintiff were made in defendants' capacity as public officials regarding issues of public concern. Therefore, their communications are privileged. Moreover, plaintiff cannot prove the requisite actual malice to overcome this privilege. Milgrew v. City of Taunton, 410 Mass. 631 (1991); Vigoda v. Barton, 348 Mass. 478 (1965).

### ELEVENTH DEFENSE

The defendants, John D'Agostino, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven McCaffrie, are protected from liability by the First Amendment to the United States Constitution and the Massachusetts Declaration of Rights.

### TWELFTH DEFENSE

The plaintiff cannot recover under the Massachusetts Civil Rights Act because she was not deprived of any federal or state constitutional or statutory right or, if she was so deprived (which the defendants deny), such deprivation or attempted deprivation was not accompanied by threats, intimidation or coercion.

### THIRTEENTH DEFENSE

The plaintiff's damages, if any, were caused by someone for whose conduct the defendants cannot be held responsible.

### FOURTEENTH DEFENSE

The plaintiff fails to allege or prove that the defendant, MMED, adopted or adhered to an unconstitutional policy, custom or practice and, therefore, the plaintiff cannot recover against it under Count VI.

### FIFTEENTH DEFENSE

The defendant, the Board, is not a person subject to suit under the Massachusetts Civil Rights Act and, therefore, Count VII must be dismissed as against it.

### SIXTEENTH DEFENSE

The plaintiff cannot recover under the Massachusetts Civil Rights Act because defendants' alleged interference or attempted interference with plaintiff's constitutional or statutory rights did not arise in the context of an actual or potential physical confrontation.

### SEVENTEENTH DEFENSE

The plaintiff failed to object to or refuse to participate in an activity, policy or practice that she reasonably believed was in violation of the law and, therefore, cannot recover under Count V.

### EIGHTEENTH DEFENSE

The defendants did not retaliate against the plaintiff by taking any adverse employment action. And, even if they did, plaintiff's alleged objection to or refusal to participate in an illegal activity was neither a substantial nor motivating part in defendants' decisions. Therefore, the plaintiff cannot recover under Count V.

### NINETEENTH DEFENSE

The plaintiff failed to give the defendants written notice of the alleged illegal activity and a reasonable opportunity to correct or resolve it before making disclosure to a public entity. Such notice is a condition precedent to her recovery and, therefore, the plaintiff cannot recover under Count V.

### TWENTIETH DEFENSE

The defendants did not engage in actual malice and, therefore, the plaintiff cannot recover against them.

### TWENTY-FIRST DEFENSE

The defendant, MMED, is immune from liability under Count X. M.G.L. c. 258, § 10(c).

### TWENTY-SECOND DEFENSE

The defendant, John D'Agostino, as Town Manager and as Manager of the MMED, is indistinguishable from plaintiff's employer and, therefore, cannot be held liable for tortious interference with plaintiff's contract.

### TWENTY-THIRD DEFENSE

The defendant, Board, is immune from liability under Count XII. M.G.L. c. 258, §§ 10(b) & 10(j).

### TWENTY-FOURTH DEFENSE

The plaintiff failed to make adequate presentment of her claim for negligent retention/supervision to the "executive officer" of the Board and, therefore, cannot recover under Count XII. M.G.L. c. 258, § 4.

### TWENTY-FIFTH DEFENSE

The defendants state that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to her alleged injuries and damages. Therefore, the plaintiff is barred from recovery under M.G.L. c. 231, § 85.

### TWENTY-SIXTH DEFENSE

The defendants state that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff shall be reduced in proportion to said contributory negligence in accordance with M.G.L. c. 231, § 85.

### TWENTY-SEVENTH DEFENSE

The defendants, the Board, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven McCaffrie, are immune from liability for negligence under M.G.L. c. 258, § 2. Therefore, Count XII of plaintiff's Verified Complaint must be dismissed.

## JURY DEMAND

The defendants demand a trial by jury on all Counts of plaintiff's Verified Complaint.

> The Defendants,
> THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MacCAFFRIE,
>
> By their attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> _/s/ John J. Davis_
> John J. Davis, BBO No. 115890
> 10 Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Date: April 19, 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 4/19/05.