UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC<br>DEPARTMENT, JOHN D'AGOSTINO,<br>THE TOWN OF MANSFIELD BOARD OF<br>LIGHT COMMISSIONERS, LOUIS AMORUSO,<br>MICHAEL McCUE, DAVID McCARTER,<br>DANIEL DONOVAN, ROGER ACHILLE<br>and STEVEN MacCAFFRIE,<br><br>　　　　　　　　Defendants | Civil Action No. 05-10354-DPW |

**PLAINTIFF, KIMBERLY STOYLE'S, INITIAL DISCLOSURES**
**PURSUANT TO FED.R.CIV.P. 26(a)(1)**

Plaintiff, Kimberly Stoyle, hereby provides the following disclosures pursuant to Rule 26(a)(l) of the Federal Rules of Civil Procedure. Ms. Stoyle relies on currently available information and reserves the right to identify additional persons, documents, tangible things and damages.

**A.　Individuals Likely to Have Discoverable Information Relevant to Disputed Facts and Subjects of Information**

Individuals who may have knowledge of issues disputed in the pleadings:

1.　Kimberly Stoyle
　　138 Old Elm Street
　　Mansfield, MA

1

Ms. Stoyle is likely to have discoverable information concerning all facts and allegations contained in the Complaint and Answer.

2.   Dr. John J. Beliveau
     230 Blueberry Lane
     West Kingston, RI

Dr. Beliveau is likely to have discoverable information concerning all facts and allegations contained in the Complaint and Answer.

3.   John 0. D'Agostino
     12 Park Avenue
     Mansfield, MA

Mr. D'Agostino is likely to have discoverable information concerning all facts and allegations contained in the Complaint and Answer.

4.   Members of the Town of Mansfield's Board of Light Commissioners

Past and present members of the Town of Mansfield's Board of Light Commissions including named defendants are likely to have discoverable information on subjects including, but not limited to, Ms. Stoyle's employment with the Mansfield Municipal Electric Department ("MMED"), Ms. Stoyle's responsibilities in her capacity with MMED, matters discussed in and relating to Board meetings and all facts and allegations contained the Complaint and Answer.

5.   Members of the Town of Mansfield's Board of Selectmen

Members of the Town of Mansfield's Board of Selectmen are likely to have discoverable information on subjects including, but not limited to, matters discussed in and relating to Board meetings, statements made by John D'Agostino concerning Ms. Stoyle and all facts and allegations contained in the Complaint and Answer.

6.   Authors/Editors/Reporters at the Sun Chronicle, the Mansfield News and The Buzz

Authors/Editors/Reporters at the Sun Chronicle, the Mansfield News and The Buzz are likely to have discoverable information on subjects including, but not limited to, matters regarding stories printed concerning Ms. Stoyle's lawsuit against MMED, John D'Agostino and The Board of Light Commissioners, statements made by John D'Agostino concerning Ms. Stoyle, and other facts as contained in various published articles.

7.   James B. Lampke
     115 North main Street
     Hingham, MA   02043

Mr. Lampke is likely to have discoverable information on subjects including, but not limited to, the Town of Mansfield's investigation into Ms. Stoyle's claim of sexual harassment filed with the Massachusetts Commission Against Discrimination ("MCAD") and other facts and allegations contained in the Complaint and Answer.

8.   Jim Goulet
     Goulet, Salvidio & Associates
     9 Irving Street
     Worcester, MA  01609

Mr. Goulet is likely to have discoverable information on subjects including, but not limited to, the memorandum from the Town Treasurer and Town Accountant alleging substantial overdrafts in the MMED financial account, and facts concerning the audit of the financial accounts of the MMED.

9.   Richard Boucher
     Town Treasurer

Mr. Boucher is likely to have discoverable information on subjects including, but not limited to, the Town of Mansfield's misappropriation of MMED funds, the MMED audit, retaliation against Ms. Stoyle and other facts associated with the Town Treasurer's office.

10.  Sandra Larosse
     Assistant Town Treasurer

Ms. Larosse is likely to have discoverable information regarding the Town's misappropriation of MMED funds.

11.  Bea Kearney
     Town Accountant

Ms. Kearney is likely to have discoverable information on subjects including, but not limited to, the Town of Mansfield's misappropriation of MMED funds, the MMED audit, retaliation against Ms. Stoyle and other facts associated with the Town Treasurer's office.

12.  Carolyn Fitton

Ms. Fitton is likely to have discoverable information on the subject of sexual harassment by John D'Agostino.

13.  Gary D'Ambra

Mr. D'Ambra is likely to have information on subjects including, but not limited to, notice to defendants of sexual harassment and other retaliation against Ms Stoyle.

14.  Ronald Decurzio

3

      Treasurer, Massachusetts Municipal Wholesale Electric Company
      Moody Street
      P.O. Box 426
      Ludlow, MA  01056

Mr. Decurzio is likely to have discoverable information on subjects including, but not limited to, sexual harassment and other retaliation against Ms. Stoyle.

15.    <u>Eileen Plant</u>
      27 Highland Avenue
      Mansfield, MA  02048

Ms. Plant is likely to have discoverable information on subjects including, but not limited to, sexual harassment by John D'Agostino.

16.    <u>Brian Feeney</u>
      28 Topping Road
      Andover, MA  01810

Mr. Feeney is likely to have information on subjects including, but not limited to, harassment and other retaliation against Ms Stoyle.

17.    <u>Ann Langille</u>

Ms. Langille is likely to have information on subjects including, but not limited to, the Town of Mansfield's misappropriation of MMED funds and retaliation against Ms Stoyle.

18.    <u>Steve O'Donnell</u>
      Local 104
      130 West Street
      Walpole, MA  02081

Mr. O'Donnell is likely to have information on subjects including, but not limited to, retaliation against Ms Stoyle.

19.    <u>Gary Babin</u>
      MMED Director

Mr. Babin is likely to have information on subjects including, but not limited to, retaliation against Ms. Stoyle and the misappropriation of MMED funds.

20.    <u>Kara Torman</u>
      119 South Main Street
      Mansfield, MA  02048

Ms. Torman is likely to have information on subjects including, but not limited to, sexual harassment and illegal hiring practices by John D'Agostino.

The plaintiff recognizes that persons other than those listed may have knowledge of discoverable information and reserves the right to supplement this disclosure during the course of discovery.

**B.  Description and Location of Documents, Data Compilations and Tangible Things in Plaintiff's Possession, Custody or Control Supporting Claims or Defenses**

1. Minutes, meeting agendas and audiotapes of Light Commissioners Meetings available via the internet and the public library

2. Correspondence by and between various individuals, including but not limited to:

    a. Letter to Robert S. Mangiaratti from Lynn A. Leonard dated July 7/22/03

    b. Letter to Lynn A. Leonard from Kathy Chen, Assistant Attorney General dated 8/6/03

    c. Letter to Eric Knight, Investigator, Office of the Inspector General dated 8/18/03

    d. Memorandum to Jack Beliveau from Laurie Anderson, Kara Cook and Kimberly Stoyle dated 2/16/00 Re: Candidate Selection for Financial Assistant Position

    e. Memo to File from Jack Beliveau dated 2/22/00

    f. Memorandum to Jack Beliveau from Kimberly Stoyle dated 2/24/00 Re: Record of Events Surrounding the Hiring of the Financial Assistant's Position

    g. Letter to Jack Beliveau from Kara Lyn Cook dated 2/24/00

    h. Letter to Andrea Hottleman from Jack Beliveau dated 2/25/00

    i. Letter to Cheryl Bouldry from Jack Beliveau dated 2/25/00

    j. Memorandum to Jerry Scherma from Jack Beliveau dated 5/5/00 Re: Results of Interviews for Position of Financial Assistant

    k. Advertisements for Financial Assistant

    l. Ranking Factors for Financial Assistant

m.  Memorandum to John D'Agostino from Jack Beliveau dated 2/13/02 Re: Annual Salary Justification for Kim, Laurie and Ann

n.  Memorandum to Jack Beliveau from John D'Agostino dated 2/14/02 Re: Payroll Change Sheet/Departmental Operating Issues

o.  Memorandum to Jack Beliveau from John D'Agostino dated 2/25/02 Re: Your Memos of February 14 and 19, 2002

p.  Memorandum to John D'Agostino from Jack Beliveau dated 11/27/02 Re: Request for Personnel File and Request for Backup Data on Telephone

q.  Memorandum to Jack Beliveau from Richard Boucher/Bea Kearney dated 2/28/03 Re: Light Dept. Cash Balances

r.  Memorandum to Richard Boucher/Bea Kearney from Jack Beliveau dated 3/4/03 Re: Light Department Cash Balances

s.  Memorandum to Jerry Scherma from Jack Beliveau dated 8/26/03 Re: Question of Continuing Sexual Harassment/Discrimination Re: Kim Stoyle

t.  Memorandum to Bob Mangiaratti from Jack Beliveau dated 5/7/03 Re: Our Meeting May 7 Regarding Gifts by the Light Department to the Town or Outside Entities

u.  Memorandum to Jack Beliveau from Kenneth Barna/Diedre Lawrence dated 5/7/03 Re: Gifts to Charities and Towns

v.  Memorandum to Jack Beliveau from Kenneth Barna/Diedre Lawrence dated 5/9/03 Re: Gifts to Charities and Towns

w.  Letter to Kimberly Stoyle from Richard Boucher dated 6/16/04

x.  Memorandum to Jack Beliveau from Kenneth Barna/Deidre Lawrence dated 10/8/99 Re: Authority to Make Certain Appropriations, in Lieu of Tax Payments, and Donate Services to the Town of Mansfield

y.  Memorandum to Board of Light Commissioners from Jack Beliveau dated 10/12/99 Re: Payments in Lieu of Taxes and Other Services

z.  Memorandum to Board of Light Commissioners from Jack Beliveau dated 6/26/01 Re: Payments to the Town at an Unsustainable Level

aa. Memorandum to Lou Amoruso from Andy Gazollo dated 11/25/02 Re: Electric Pilot Inconsistency

  bb. Memorandum to Andy Gazollo from Jack Beliveau dated 12/9/02 Re: Electric Department Payments in Lieu of Taxes

  cc. Memorandum to William F. Williams from John Larch dated 6/6/95 Re: Internal Fund Charges

  dd. Memorandum to William F. Williams from John Larch dated 3/14/96 Re: Internal Fund Charges

  ee. Memorandum to William F. Williams from John Larch dated 5/30/97 Re: Internal Fund Charges

  ff. Memorandum to William F. Williams from John Larch dated 6/17/98 Re: Internal Fund Charges

  gg. Memorandum to Jack Beliveau from John D'Agostino dated 5/26/99 Re: Internal Fund Charges

  hh. Memorandum to John D'Agostino from Jack Beliveau dated 6/20/00 Re: Internal Fund Charges

  ii. Memorandum to Jack Beliveau from John D'Agostino dated 6/20/00 Re: Internal Fund Charges

  jj. Memorandum to Jack Beliveau from John D'Agostino dated 6/22/00 Re: Internal Fund Charges

  kk. Memorandum to Jack Beliveau from John D'Agostino dated 7/11/01 Re: Internal Fund Charges

  ll. Memorandum to Jack Beliveau from John D'Agostino dated 6/25/02 Re: Internal Fund Charges

  mm. Memorandum to Jack Beliveau from John D'Agostino dated 6/19/03 Re: Internal Fund Charges

  nn. Lockbox Summary

3. <u>E-Mail Correspondence, by and between various individuals including but not limited to</u>:

  a. E-mail from John D'Agostino to Jack Beliveau dated 3/4/00 Re: Basketball Court Lighting

b.  E-mail from Jack Beliveau to John D'Agostino dated 3/6/00 Re: Basketball Court Lighting

c.  E-mail from John D'Agostino to Jack Beliveau dated 8/29/00 Re: Rumors

d.  E-mail from John D'Agostino to Jack Beliveau dated 12/20/01 Re: Justification of Pay Increases for Staff

e.  E-mail from John Beliveau to John D'Agostino dated 12/20/01 re: Justification of Pay Increases for Staff

f.  E-mail from Jack Beliveau to John D'Agostino dated 12/21/01 Re: Justification of Pay Increases for Staff

g.  E-mail from John D'Agostino to Jack Beliveau dated Re: Justification of Pay Increases for Staff

h.  E-mail from Kimberly Stoyle to Lou Amoruso dated 2/25/02 Re: Meeting

i.  E-mail from Lou Amoruso to Kimberly Stoyle dated 2/27/02 Re: Meeting

j.  E-mail from Lou Amoruso to Kimberly Stoyle dated 2/28/02 Re: Meeting

k.  E-mail from John D'Agostino to Kimberly Stoyle and Jack Beliveau dated 10/01/02 Re: Software Upgrade

l.  E-mail from Kimberly Stoyle to John D'Agostino dated 10/01/02 Re: Software Upgrade

m.  E-mail from Kimberly Stoyle to Lou Amoruso dated 10/01/02 Re: Meeting

n.  E-mail from John Beliveau to John D'Agostino dated 10/01/02 Re: Software Upgrade

o.  E-mail from John D'Agostino to Jack Beliveau dated 10/01/02 Re: Software Upgrade

p.  E-mail from John D'Agostino to Kimberly Stoyle dated 10/01/02 Re: Software Upgrade

q.  E-mail from Jack Beliveau to Eileen Ouellette dated 7/12/01 Re: FY 2001 Internal Charges

r.  E-mail from Jack Beliveau to Kimberly Stoyle dated 7/12/01 Re: FW Internal Services Charges

s.  E-mails from Jack Beliveau to Bea Kearney dated 1/28/02 Re: Electric PILOT/Internal

t.  E-mail from John Beliveau to Ann Langille dated 7/9/03 Re: FW GIS Manager

u.  E-mail from Jack Beliveau to John D'Agostino dated 6/20/00 re: FY 2000 Internal Charges

v.  E-mail from Jack Beliveau to John D'Agostino dated 6/21/00 Re: FY 2000 Internal Charges

w.  E-mail from Jack Beliveau to John D'Agostino dated 6/20/00 Re: Internal Charges

x.  E-mail from Kimberly Stoyle to John D'Agostino dated 5/22/01 Re: Lockbox Operation Tour

y.  E-mail from Jack Beliveau to John D'Agostino dated 5/7/03 Re: Mansfield Utility Assistance Program

z.  E-mail from Eileen Oulette to John D'Agostino dated 5/7/03 Re: FW Mansfield Utility Assistance Program

aa. E-mail from John D'Agostino to Ann Langille dated 3/30/04 Re: Internal Charges for FY04, FY05

bb. E-mail from Ann Langille to Bea Kearney dated 4/14/04 Re: Internal Charges for FY04, FY05

cc. E-mail from Kimberly Stoyle to Bea Kearney dated 5/20/04 Re: Pension Allocation

dd. E-mail from Ann Langille to Kimberly Stoyle dated 5/24/04 Re: FW Internal Charges for FY04, FY05

ee. E-mail from Ann Langille to Kimberly Stoyle dated 5/24/04 Re: FW Internal Charges for FY04, FY05 Follow up

ff. E-mail from Ann Langille to Kimberly Stoyle dated 5/24/04 Re: FW 12/31/02 Audit

gg. E-mail from Ann Langille to Kimberly Stoyle dated 5/24/04 Re: FW Special Town Meeting Warrant Article

hh. E-mail from Jack Beliveau to John D'Agostino dated 3/1/01 Re: Problems

ii. E-mail from Jack Beliveau to Kimberly Stoyle dated 3/2/01 Re: FW Problems

jj. E-mail from Jack Beliveau to Kimberly Stoyle dated 3/2/01 Re: FW Cash Reconciliation

kk. E-mail from Jack Beliveau to Eileen Ouelette dated 7/12/01 Re: FY 2001 Internal Charges

ll. E-mail from Jack Beliveau to Kimberly Stoyle dated 7/12/01 Re: FW Internal Services Charges

mm. E-mail from Jack Beliveau to Kimberly Stoyle dated 4/16/01 Re: FW MasterCard/Visa Meeting

nn. E-mail from Jack Beliveau to Kimberly Stoyle dated 11/28/01 Re: Rick Foster

oo. E-mail from Jack Beliveau to Kimberly Stoyle dated 3/19/03 Re: FW Electric Department Internal Charges

pp. E-mail from Jack Beliveau to Kimberly Stoyle dated 3/26/03 Re: Internal Charges

qq. E-mails from Jack Beliveau to John D'Agostino dated 4/2/03 Re: MEWEC Balance

rr. E-mail from Jack Beliveau to Kimberly Stoyle dated 5/12/03 Re: Goulet Request

ss. E-mail from Jack Beliveau to Kimberly Stoyle dated 6/19/03 Re: PILOT

tt. E-mail from Jack Beliveau to Bea Kearney dated 7/10/03 Re: Audits

uu. E-mail from Jack Beliveau to Kimberly Stoyle dated 7/10/03 Re: FW Audits

4. <u>Miscellaneous documents</u>:

   a. Charge of Discrimination dated 12/5/02 by Kimberly Stoyle against MMED and John D'Agostino

   b. Charge of Discrimination dated 4/28/04 by Kimberly Stoyle against the Board of Light Commissioners

   c. Comptroller Job Description

   d. Town of Mansfield Personnel Policies and Procedures, as provided by Town of Mansfield and MMED

  e. Handwritten Notes of Jack Beliveau

  f. John Beliveau Deposition

  g. John Beliveau Deposition Errata Sheet

  h. Kimberly Stoyle Deposition

  i. Kimberly Stoyle Deposition Errata Sheet

  j. Public Records Request

  k. Various Newspaper Articles

  l. Stoyle Personnel File received from the Town of Mansfield and MMED

  m. MMED Financial Reports

  n. Affidavits of Ron Decurzio, Brian Feeney, Eileen Plant and Brad Wills

Documents described above will be made available for inspection and copying at the offices of Attorney Lynn A. Leonard, 527 Main Street, Suite 8, Melrose, MA 02176. Plaintiff reserves the right to supplement this disclosure during the course of discovery.

**C.** **Computation of Damages**

| | |
|---|---|
| Emotional distress | TBD |
| Loss of pension | TBD |
| Attorneys' fees and costs | TBD |

**D.** **Insurance Agreements**

Plaintiff does not have a copy of defendant's insurance policy, but expects that all insurance policies shall be provided by Defendant in accordance with Fed.R.Civ.P. 26(a)(1)(D).

                                                    Respectfully submitted,
                                                    Kimberly Stoyle
                                                    By her Attorney

                                                    /s/ Lynn A. Leonard
                                                    _____

                                                    Lynn A. Leonard
                                                    Attorney-At-Law, B.B.O. 561662
                                                    527 Main Street, Suite 8
                                                    Melrose, MA  02176
                                                    (781) 662-6161

Dated:  August 31, 2005