UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05 10354 DPW

KIMBERLY STOYLE,
    *Plaintiff,*

vs.

THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE and STEVEN MacCAFFRIE,
    *Defendants.*

### INITIAL DISCLOSURE OF DEFENDANTS UNDER LOCAL RULE 26.2(A)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A) of the United States District Court for the District of Massachusetts, the defendants, the Mansfield Municipal Electric Department ("MMED"), John D'Agostino, the Town of Mansfield Board of Light Commissioners, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven MacCaffrie, hereby make the following initial disclosures based on information reasonably available to them at present:

A.    **Individuals With Discoverable Information**

    1.    Kimberly Stoyle

    2.    John D'Agostino

    3.    Members of the Town of Mansfield Board of Light Commissioners

    4.    Employees of the Mansfield Municipal Electric Department

5. Members of the Town of Mansfield Board of Selectmen

6. Louis Amoruso

7. David McCarter

8. Michael McCue

9. Roger Achille

10. Steven MacCaffrie

11. Daniel Donovan

12. Bernard Dolan

13. John J. Beliveau

14. Richard Boucher

15. Bea Kearney

16. Edward O'Neil

17. Eileen Plante

18. Ronald DeCurzio

19. Lou Costa

20. Gary D'Ambra

21. Gerald Scherma

22. Brad Wills

23. Mary Lou Cotton

24. James Goulet

25. James B. Lampke

26. Gary Babin

27. Steve O'Donnell

28. Robert Brown

29. Laurie Anderson

30. Eileen Ouellette

31. Andres Gazzolo

32. Kym Gaissl

33. Andrea Hottleman

34. Tom Hottleman

The individuals listed above are expected to have information regarding various subjects relevant to the claims set forth in plaintiffs' Verified Complaint and defendants' Answer thereto, including, but not limited to, the following: (1) plaintiff's allegations of sexual harassment, gender discrimination and retaliation; (2) plaintiff's employment history and job performance with the MMED; (3) the management and fiscal operations of the MMED; (4) supervision and oversight of the MMED; (5) the working environment at the MMED; (6) plaintiff's alleged complaints regarding the working environment at the MMED; (7) plaintiff's e-mail communications; (8) plaintiff's efforts to discredit the defendant, John D'Agostino; and (9) the nature and extent of plaintiff's alleged damages. The defendants reserve the right to supplement this disclosure.

B.  **Documents, Data, Compilations and Tangible Things**

The following documents are in the possession of the defendants or their counsel:

1. Town of Mansfield Personnel Policy;

2. Town of Mansfield Sexual Harassment Policy;

3.  Town of Mansfield Policy for Use of Town Computers;

4.  Town of Mansfield Home Rule Charter;

5.  Plaintiff's application for employment dated April 1, 1999 and resume;

6.  Job description of plaintiff at time of hire;

7.  Job description of MMED Director;

8.  Documents and materials filed by the parties in connection with plaintiff's MCAD proceedings,

9.  Plaintiff's personnel file;

10. Payroll records regarding plaintiff;

11. E-mail correspondence between plaintiff and defendant, John D'Agostino;

12. E-mail correspondence between plaintiff and others;

13. E-mail correspondence between defendant, John D'Agostino, and others;

14. Plaintiff's deposition transcripts and exhibits thereto;

15. Jack Beliveau's deposition transcript and exhibits thereto;

16. Pleadings, discovery and public documents relating to <u>Kym Gaissl v. Town of Mansfield, et al</u>, U.S.D.C. (D. Mass.), C.A. No. 00-CV-12343;

17. Pleadings, discovery and public documents relating to <u>John Beliveau v. Town of Mansfield Municipal Electric Dep't, et al</u>, U.S.D.C. (D. Mass.), C.A. No. 04-CV-11329;

18. Memoranda and e-mail correspondence regarding "Pay Increases for Staff" dated on or about December 2001;

19. Correspondence between plaintiff and defendant, John D'Agostino, regarding copier purchase procedures dated January 28, 2002;

20. Minutes and electronic recordings of Mansfield Board of Light Commissioners meetings;

21. Minutes and electronic recordings of Mansfield Board of Selectmen meetings;

22. E-mail correspondence between Jack Beliveau and defendant, Louis Amoruso, regarding issues in the workplace dated October 1, 2002;

23. Correspondence between plaintiff and defendant, John D'Agostino, regarding Verizon billing dated from October 21, 2002 to November 7, 2002, and all related memoranda;

24. Defendant, John D'Agostino's letter of reprimand to Jack Beliveau dated June 16, 2004;

25. Letter of apology from Jack Beliveau to plaintiff dated June 17, 2004;

26. Defendant, John D'Agostino's letter of reprimand to Richard Boucher dated June 16, 2004; and

27. Letter of apology from Richard Boucher to plaintiff dated June 16, 2004;

The defendants reserve the right to supplement this disclosure.

C. **Damages**:

The defendant do not, at present, seek damages from the plaintiff.

D. **Insurance**:

The defendants are insured under a policy issued by Redland Insurance Company, a copy of which they shall make available to the plaintiff.

The Defendants,
By their attorneys,

PIERCE, DAVIS,& PERRITANO, LLP

_____
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

August 31, 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on 08/31/05.

-5-