UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY STOYLE,<br>              Plaintiff<br><br>vs.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC<br>DEPARTMENT, JOHN D'AGOSTINO,<br>THE TOWN OF MANSFIELD BOARD OF<br>LIGHT COMMISSIONERS, LOUIS AMORUSO,<br>MICHAEL McCUE, DAVID McCARTER,<br>DANIEL DONOVAN, ROGER ACHILLE<br>and STEVEN MacCAFFRIE,<br><br>              Defendants | Civil Action No. 0510354DPW |

**PLAINTIFFS OPPOSITION TO
DEFENDANT'S MOTION TO CONSOLIDATE**

Now comes plaintiff, Kimberly Stoyle, and opposes defendant's Motion to Consolidate her lawsuit with the case filed against defendants by Dr. John Beliveau. As grounds therefore, plaintiff states that her claims are significantly different than Dr. Beliveau's claims and that consolidation will lead to confusion and prejudice.

Pursuant to Fed. R. Civ. P. 42 (a), cases may be consolidated only where they involve a common question of either law or fact. Robinson v. Warner, 370 F.Supp. 828 (D.R.I. 1974). However, consolidation should be considered when judicial efficiency can be accomplished without sacrificing justice. Devlin v. Transportation Communications Intern. Union, 175 F.3d 121 (2d Cir. 1999). Consolidation should not be ordered where

1

the issues affecting the various parties are certain to lead to confusion or prejudice. <u>Piva v. General Foods Corp.</u>, 18 F.R.D. 352 (D. Mass. 1955).

In support of its Motion to Consolidate, defendants argue that the two complaints arise out of the same transaction or occurrence. However, the commonality of the claims is far outweighed by the substantial differences. A motion under Rule 42 (a) may be denied if the common issue is not a central one. <u>Shump v. Balka</u>, C.A.10th, 1978, 574 F.2d 1341. Both Stoyle and Beliveau filed claims for retaliation, whistle-blowing, wrongful termination, intentional infliction of emotional distress and tortious interference with advantageous relations. However, the facts underlying these claims are substantially different and would ultimately result in confusion and prejudice.

Specifically, Ms. Stoyle's claims are premised primarily on facts related to her exposure of illegal misappropriation of funds by the Town of Mansfield at the direction of the Town Manager. This claim requires in-depth discovery into the Town's financial records and complex accounting practices. Dr. Beliveau has no such claim. The retaliation against Ms. Stoyle involves, *inter alia*, attacks on her performance, diminution of her job duties, efforts to prevent her from obtaining union membership and other harassment. Dr. Beliveau's claims are substantially unrelated to these occurrences. In fact, much of this occurred after Dr. Beliveau was terminated from his position as Director of MMED.

Dr. Beliveau may have knowledge of some incidents of retaliation, but his claims do not arise out of the central issue; that is the reporting of illegal financial practices. Consolidation has been denied, despite the predominance of individual issues and the existence of certain common issues of fact, when the adverse action in question arose

from unrelated incidents.  Henderson v. National R.R. Passenger Corp., D.C.Ill.1987, 118 F.R.D. 440.

      Ms. Stoyle's suit also includes additional defendants and claims that are not raised in Dr. Beliveau's case.  Ms. Stoyle named six members of the Board of Light Commissioners for aiding and abetting and negligent supervision; that is, for their failure to supervise the perpetrator and/or act in response to her repeated complaints of ongoing retaliation.  Additional claims against MMED include 1983 and Civil Rights Act claims for violation of Ms. Stoyle's right to free speech on matters of public concern.  Likewise, Dr. Beliveau raised an additional defamation claim bearing no relation to Ms. Stoyle's claims.  The complexity of multiple unrelated claims would create confusion for the jury.

      Consolidation is also properly denied when the cases are at different stages of preparedness for trial.  Mills v. Beech Aircraft Corp., Inc., C.A.5th, 1989, 886 F.2d 758.  Dr. Beliveau completed discovery and a pre-trial conference was held.  Ms. Stoyle has significant discovery remaining as a result of delay caused by defendant.  In December 2005, plaintiff scheduled ten depositions, which were subsequently postponed by defendant.  In February and March 2006, plaintiff re-scheduled the depositions.  Defendant postponed the depositions a second time.  To date, plaintiff has taken two depositions and defendant has taken none.  Many of plaintiff's depositions are multi-day depositions.  It is unlikely that discovery can be completed without a significant extension of time.

      Based upon the number and complexity of separate and unrelated claims as described herein, consolidation will not achieve judicial economy.  Rather, it will lead to

3

confusion and prejudice.  Therefore, justice requires that defendant's Motion to

Consolidate be denied.

Respectfully submitted,
Kimberly Stoyle
By her Attorneys


/s/ Lynn A. Leonard                                    /s/ Anita B. Sullivan
_____                       _____

Lynn A. Leonard                                         Anita B. Sullivan
Attorney-At-Law                                         Attorney-At-Law
527 Main Street, Suite 8                             458 Main Street
Melrose, MA  02176                                  Wakefield, MA  10880
(781) 662-6161                                           (781) 224-0701
B.B.O. No. 561662                                     B.B.O. No. 628873

Dated:  April 21, 2006

4