UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT, JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL McCUE, | ) |
| DAVID McCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE and | ) |
| STEVEN MacCAFFRIE, | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS LOU AMORUSO, MICHAEL MCCUE, DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MACCAFFRIE MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

In her Complaint, the Plaintiff Kimberly Stoyle ("Plaintiff" or "Stoyle") seeks to recover damages arising from the Defendants Town of Mansfield Municipal Electric Department, the Town of Mansfield Board of Light Commissioners and John D'Agostino's alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. ("Title VII"), Massachusetts General Laws, chapter 151B, Massachusetts General Laws, Chapter 149, §185, M.G.L. c. 12, §§ 11H and 11I as well as tortious interference with advantageous relations, constructive discharge and intentional infliction of emotional distress. In addition, the Plaintiff seeks to recover damages from Lou Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven MacCaffrie

1

individually for aiding and abetting both under Title VII (Count III) and Chapter 151B, § 4(5) (Count IV) as well as for negligent retention/supervision (Count XII).

The Defendants, Lou Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven MacCaffrie (collectively the "individual defendants") now move to dismiss all of the Plaintiff's claims against them. Specifically, the individual defendants move to dismiss the Plaintiff's claim brought against them individually pursuant to Title VII because that statute does not provide for individual liability. Likewise, the individual defendants move to dismiss the Plaintiff's claims brought against them individually for negligent supervision and retention as there is no personal liability for negligence against municipal officials and employees. Finally, while individual claims may be brought pursuant to Chapter 151B, the Plaintiff's claims based on the undisputed facts are not sufficient to prove such a claim against the individual defendants here.

## II.    FACTUAL ALLEGATIONS[1]

The Mansfield Municipal Light Department ("MMED") is a subdivision of the Town of Mansfield organized under Chapter 164 of the Massachusetts General Laws. The Board of Light Commissioners is the municipal board that has supervisory control over the MMED and its Manager. **Complaint at ¶¶ 6, 8, 74, & 78**. In the Town of Mansfield, the Manager of the MMED is also the Town Manager who at all times relevant to this case was John D'Agostino. **Complaint**

---

[1] As required for purposes of filing a Motion for Summary Judgment, the individual defendants take the facts in light most favorable to the Plaintiff for purposes of this summary judgment motion only.

2

at ¶ 7. Likewise, in the Town of Mansfield, the individual members of the Board of Light Commissioners are the individual members of the Town of Mansfield Board of Selectmen. Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille, and Steven MacCaffrie were members of the Board of Light Commissioners during some period of time during the Plaintiff's employment at MMED. **Complaint at ¶¶ 9-14**. The daily operation of the MMED is under the control of the Director, which from 1999 through the date of his termination was Jack Beliveau. **Complaint at ¶ 48**.

On March 8, 1999, Beliveau hired Stoyle to work for the MMED under his supervision. **Complaint at ¶ 16**. On December 5, 2002, Stoyle filed a Charge of Discrimination with the MCAD in which she accused D'Agostino of gender based harassment, sexual harassment and retaliation. **Complaint at ¶ 37**. The first time any of the individual defendants became aware of Stoyle's allegations that she was being harassed by D'Agostino because of her gender and was the subject of sexual harassment by D'Agostino was after she filed her MCAD Charge of Discrimination in December 2002. Stoyle never complained to or notified any of the individual defendants that she believed she was the subject of gender based harassment or sexual harassment by D'Agostino prior to her filing her MCAD Charge of Discrimination. Likewise, Beliveau never notified or complained to any of the individual defendants about Ms. Stoyle's belief that she was being harassed by D'Agostino because of her gender or sexually harassed by D'Agostino. **Exhibit 1 - Deposition testimony of Louis Amoruso, Day 1 at pp. 181-182, Day 2 at pp. 28-30**; **Exhibit 2 -Deposition testimony of Roger Achille at p. 32, 40-45**; **Exhibit 3 - Deposition testimony of Michael McCue at pp. 65-66; Exhibit 4 - Deposition testimony of Steven MacCaffrie at pp. 45-49; Exhibit 5 -**

**Deposition testimony of Daniel Donovan at pp. 25-28, 37; Exhibit 6 – Affidavit of David McCarter.**

When the individual defendants first learned of Stoyle's allegations in December 2002, the Board of Selectmen contacted Town Counsel and hired independent investigator to investigate Stoyle's claims. The independent investigator hired was James Lampke. **Exhibit 4 at pp. 70-71; Exhibit 5 at pp. 28, 29, 31, 35; Exhibit 3 at p. 66; Exhibit 1, Day 1 at pp. 97, 98.**

When individual defendant Donovan first learned of the MCAD complaint, he gave a statement to two reporters that in his opinion, the complaint was farfetched because of the geographic location of the two buildings. D'Agostino and Stoyle worked in two separate locations. **Exhibit 5 at pp. 33–38**. Despite his initial opinion, Donovan believed that it was important to investigate. **Exhibit 5 at pp. 33-38.** Stoyle filed her Charge of Discrimination knowing that D'Agostino's contract was up for renewal by the Board of Selectmen. The Board of Selectmen, comprised of the individual defendants, voted to renew D'Agostino's contract one month later. The individual defendants did not have an issue renewing D'Agostino's contract while Stoyle's discrimination charges were pending against him because they considered him to be "innocent until proven guilty". **Exhibit 4 at pp. 61-63; Exhibit 1 - Day 2 at pp. 21-25; Exhibit 3 at pp. 80-81.**

Lampke issued his report containing the findings of his investigation at the end of June 2003. **Exhibit 7 – Lampke Report**. The Board of Light Commissioners reviewed the report and voted to accept Lampke's findings on June 25, 2003 and determined that there was no foundation for Stoyle's gender harassment and sexual harassment claims. **Exhibit 1 at pp. 98-103, Day 2 at pp.**

4

**25-28; Exhibit 2 at pp. 43, 44; Exhibit 3 at pp. 72-78; Exhibit 4 at pp. 71-82.** After the vote, the Board made a public announcement concerning the outcome of the investigation on advice of counsel. **Exhibit 1 at pp. 98-99; Exhibit 4 at pp. 71, 109-110.**

After learning that the Board of Light Commissioners voted to accept Lampke's findings and determined that there was no foundation for Stoyle's gender harassment or sexual harassment claims, Beliveau sent a memorandum dated August 13, 2003 to Steve MacCaffrie, the Chairman of the Board of Light Commissioners, claiming that Stoyle believed that the sexual harassment was continuing. **Exhibit 8 – Memorandum dated August 13, 2003**; **Exhibit 4 at pp. 100-101.** As Stoyle's litigation was still pending, the Board referred the matter to the attorneys representing the Town in Stoyle's then pending litigation. **Exhibit 4 at pp. 100-101, 160-161.**

## III. <u>LEGAL ARGUMENT</u>

Stoyle has brought three claims against the individual defendants, a claim for aiding and abetting pursuant to Title VII (Count III), a claim for aiding and abetting pursuant to M.G.L. c., 151B (Count IV), and a claim for negligent retention/supervision (Count XII). For the reasons set forth below, all of Stoyle's claims against the individual defendants must be dismissed.

### A. <u>Title VII Does Not Provide For Individual Liability</u>

In Count III of her Complaint, Stoyle seeks to hold the individual defendants, Amoruso, McCue, McCarter, Donovan, Achille, and MacCaffrie liable for aiding and abetting in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3 et.seq. **Complaint at ¶¶ 73-76.** Stoyle's claims against all of the individual defendants must be dismissed because Title

5

VII does not permit individual liability. Orell v. UMass Memorial Medical Center, Inc., 203 F.Supp.2d 52 (D. Mass. 2002); Szabo v. Trustees of Boston University, 1998 WL 151272 (D. Mass. 1998); Ruffino v. State Street Bank and Trust Company, 908 F.Supp. 1019 (D. Mass. 1995). Accordingly, Stoyle's claims contained in Count III of her complaint against individual defendants Amoruso, McCue, McCarter, Donovan, Achille and MacCaffrie must be dismissed.

### B. The Plaintiff Fails to Set Forth A Claim for Aiding and Abetting under G.L. c. 151B

Unlike the federal anti-discrimination statutes, Chapter 151B does provide for individual liability. Specifically, Chapter 151B states that it is unlawful for "any person whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing f any of the acts forbidden under this chapter or attempt to do so". M.G.L. c. 151B, § 4. To be found individually liable, an individual must actively perpetrate or assist in the acts forbidden by Chapter 151B. See, M.G.L. c. 151B, § 4, see also, Beaupre v. Cliff Smith & Associates, 50 Mass.App.Ct. 480 (2000). To prevail on an aiding and abetting claim, the Plaintiff must show that the wrong committed by the individual is "'separate and distinct from the claim in main'" and also "'provide credible evidence that the aider and abettor shared an intent to discriminate not unlike that of the alleged principle offender, and that the aider and abettor knew of his or her supporting role in an enterprise designed to deprive an individual of a right guaranteed him or her under G.L. c. 151B.'" Magill v. Mass. State Police, 244 M.D.L.R. 355, 365 (2002) quoting, Harmon v. Malden Hosp., 19 M.D.L.R. 157, 158 (1997). Individual liability is triggered only if the individual's inaction in face of actual knowledge of discrimination rises to the level of deliberate indifference.

Such deliberate indifference to another's unlawful conduct is "not merely [being] passive but an affirmative condonation of wrongdoing." <u>Chapin v. University of Massachusetts</u>, 977 F. Supp. 72 (D. Mass. 1997). In order to prevail on an aiding and abetting claim under Chapter 151B, a plaintiff must demonstrate two things. First, there must be a wholly individual and distinct wrong that was committed by the individual defendant and second, there must be a showing that the aider or abettor shared an intent to discriminate not unlike that of the alleged principal offender and that the aider or abettor knew of his or her supporting role in an enterprise designed to deprive an individual of a right guaranteed him under Chapter 151B. <u>Harmon v. Malden</u>, 19 M.D.L.R. at 158.

Here the Plaintiff cannot prevail on her aiding and abetting claims against any of the individual defendants. The following are the only allegations contained in Stoyle's complaint against the individual defendants:

1. Complaint at ¶ 38 – On December 24, 2002, Mr. McCarter stated to former Mansfield Selectman Brad Wills that Ms. Stoyle "should be fired for insubordination" for filing a charge against the Town. McCarter then bragged that he "could lie with a straight face under oath." Mr. McCarter's statements preceded any internal investigation into Ms. Stoyle's charges.

2. Complaint at ¶ 39 – In January 2003, Mr. Donovan stated publicly that Ms. Stoyle's discrimination charges were "far-fetched" and "a fabrication." Mr. Donovan's statements were also made prior to the initiation of any internal investigation regarding the matter.

    3.    Complaint at ¶ 79 – The Board through its acts and omissions in failing to investigate and prevent continued known harassment and retaliation against Ms. Stoyle aided and abetted in conduct forbidden by M.G.L. c. 151B.

Stoyle's allegations against the individual defendants are all based on her assertion that the individual defendants did not investigate her harassment and retaliation claims and failed to prevent continued known harassment. The very premise, however, of Stoyle's aiding and abetting claim is fatally flawed as Stoyle's allegations were thoroughly investigated by independent counsel hired by the Board of Light Commissioners comprised of the individual defendants.

It is undisputed that the individual defendants first learned of Stoyle's gender and sexual harassment claims only after she filed her Charge of Discrimination with the MCAD in 2002. While Amoruso was aware that Stoyle and Beliveau had ongoing disputes with D'Agostino prior to Stoyle filing her MCAD Charge, neither ever told him or even inferred that the problems were because of D'Agostino's gender based harassment or sexual harassment of Stoyle. **Exhibit 1, Day 1 at pp. 181-182, Day 2 at pp. 28-30**; **Exhibit 2 at p. 32, 40-45; Exhibit 3 at pp. 65-66; Exhibit 4 at pp. 45-49; Exhibit 5 at pp. 25-28, 37; Exhibit 6**. It is also undisputed that immediately upon learning of Stoyle's gender and sexual harassment claims the individual defendants as members of the Board of Light Commissioners contacted town counsel and referred the matter to independent counsel, James Lampke, for investigation. **Exhibit 4 at pp. 70-71; Exhibit 5 at pp. 28, 29, 31, 35; Exhibit 3 at p. 66; Exhibit 1, Day 1 at pp. 97, 98; Exhibit 6**. The undisputed facts totally contradict the premise of Stoyle's aiding and abetting claim that no such investigation was performed. Stoyle also

cannot dispute that Lampke's findings did not support her gender or sexual harassment claims. **Exhibit 7**. While Stoyle obviously does not agree with the outcome of the independent investigation, the fact that the individual defendants as members of the Board of Light Commissioners voted to adopt the investigative findings is not sufficient to make out a claim for aiding and abetting under Chapter 151B against them. In order to prevail, Stoyle must show a distinct wrong that was committed by the individual defendant and a shared intent to discriminate not unlike that of the alleged principal offender, D'Agostino. There is not a scintilla of evidence that Stoyle will be able to set forth to show that any of the individual defendants had an intent to discriminate against her or committed a distinct or any type of wrong against her.

The only allegations that Stoyle could even conjure up to include in her complaint to support her claims of individual liability are statements made by McCarter and Donovan stating their opinions of Stoyle's claims prior to the start of the independent investigation. While both are entitled to express their opinions, regardless, both supported the conduct of an independent investigation to determine whether in fact Stoyle's allegations were supported and amounted to gender based or sexual harassment. **Exhibit 5**. The fact that the independent investigator did not support Stoyle's sexual harassment and gender harassment claims is not in dispute and the individual defendants' adoption of those findings is not sufficient for them to be found liable for aiding and abetting under Chapter 151B.

While only one of the individual defendants recalled learning through Beliveau that Stoyle believed that there was continuing sexual harassment, again the Board of Light Commissioners and the individual defendants who are

9

members of that Commission did not fail to act, but rather, referred the matter to counsel who was handling Stoyle's pending litigation against the Town. **Exhibit 4 at pp. 100-101, 160-161;**

Based on the undisputed facts, Stoyle will not be able to prove her aiding and abetting claims against any of the individual defendants because she will not be able to show that any of them were deliberately indifferent to her complaints or had any intent to discriminate against her when they elected to refer her complainants to an independent investigator and when they voted to adopt the findings of that independent investigator that there was no foundation for Stoyle's gender or sexual harassment claims. Accordingly, Count IV of Stoyle's complaint against all of the individual defendants must be dismissed.

### C. Plaintiff's Claims for Negligence Against the Individual Defendants Must be Dismissed

In Count XII of her Complaint, the Plaintiff claims that the individual defendants negligently retained and supervised the MMED and Mr. D'Agostino. The Complainant's claims against the individual defendants must be dismissed because public employees are not subject to personal liability while acting within the scope of their office or employment under both the Massachusetts and Federal Tort Claims Act. See, 28 U.S.C. § 2627 and M.G. L. c. 258, § 2. Accordingly, as the Plaintiff alleges that the individual defendants acting within the scope of their office as members of the Board of Light Commissioners were negligent, her claims contained in Count XII of her complaint against the individual defendants must be dismissed.

IV.     **CONCLUSION**

WHEREFORE, the Defendants, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille, and Steven MacCaffrie respectfully request that this honorable Court dismiss all of the Plaintiff's claims against them.

> Respectfully submitted,
> The Defendants,
> By their attorneys,
>
> /s/ Deborah I. Ecker
> Leonard H. Kesten, BBO# 542042
> Deborah I. Ecker, BBO# 554623
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100
>
>
> /s/ Susan Jacobs
> Susan Jacobs, Esq.
> Volterra, Goldberg & Jacobs
> Three Mill Street
> Attleboro, MA 02703
> (508) 222-1463

DATED: February 28, 2007