UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT, JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL McCUE, | ) |
| DAVID McCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE and | ) |
| STEVEN MacCAFFRIE, | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S CONSISE STATEMENT OF MATERIAL FACTS**

The Defendants hereby respond to the Plaintiff's Concise Statement of Material Facts as follows:

1. The Defendants admit the allegations contained in paragraph 1.

2. The Defendants admit the allegations contained in paragraph 2.

3. The Defendants admit the allegations contained in paragraph 3.

4. The Defendants admit the allegations contained in paragraph 4.

5. The Defendants admit that the Board approves the Town budget for submittal to the Town Meeting for approval. The Defendants deny the remaining allegations in paragraph 5.

6. The Defendants deny the allegations contained in paragraph 6.

7. The Defendants deny the allegations contained in paragraph 7.

8. The Defendants admit the allegations contained in paragraph 8.

9. The Defendants deny the allegations contained in paragraph 9

10. The Defendants admit that Beliveau and Gary D'Ambra attended a meeting with Amoruso and the Plaintiff in October 2001.

11. The Defendants admit that Amoruso reported the issues raised at the meeting to the Board of Selectmen. The Defendants deny the remaining allegations contained in paragraph 11.

12. The Defendants deny the allegations contained in paragraph 12.

13. The Defendants admit that Stoyle sent an email to Amoruso and that Beliveau alleged a hostile work environment. The Defendants deny the remaining allegations contained in paragraph 13.

14. The Defendants deny the allegations contained in paragraph 14.

15. The Defendants admit that the Plaintiff filed an MCAD Complaint and that the MCAD found a lack of probable cause. The Defendants deny the remaining allegations contained in paragraph 15.

16. The Defendants admit that the Plaintiff, through her attorney, sent the Defendants a letter which letter speaks for itself.

17. The Defendants admit that in August 2003, Beliveau sent a memorandum to MacCaffrie which memorandum speaks for itself. The Defendants deny the remaining allegations contained in paragraph 17.

18. The Defendants deny the allegations contained in paragraph 18.

19. The Defendants admit that Attorney Lampke's report cites to an incident of inappropriate behavior by D'Agostino which report

        speaks for itself. The Defendants deny the remaining allegations contained in paragraph 19.

20. The Defendants admit that Daniel Donovan said that the MCAD allegations were fabricated and farfetched. The Defendants deny the remaining allegations contained in paragraph 20.

21. The Defendants deny the allegations contained in paragraph 21. Further answering, the Defendants state that they hired an independent investigator who interviewed the Plaintiff and D'Agostino.

22. The Defendants deny the allegations contained in paragraph 22.

23. The Defendants deny the allegations contained in paragraph 23.

24. The Defendants admit the allegations contained in paragraph 24.

25. The Defendants admit that they renewed D'Agostino's contract after the MCAD charges were filed. Further answering, the Defendants state that D'Agostino's contract speaks for itself and to the extent that the Plaintiff's allegations are inconsistent with the contract, they are denied. The Defendants deny the remaining allegations contained in paragraph 25.

26. The Defendants admit that D'Agostino's contract was renewed in April 2003 before the investigator issued his written report. The Defendants deny the remaining allegations contained in paragraph 26.

27. The Defendants admit that they voted to renew D'Agostino's contract prior to the investigator issuing his written report. The

Defendants deny the remaining allegations contained in paragraph 27.

28. The Defendants deny the allegations contained in paragraph 28.

29. The Defendants deny the allegations contained in paragraph 29.

30. The Defendants deny that D'Agostino was present when the Defendants discussed Lampke's report. The Defendants admit that D'Agostino was told about the report and that Stoyle was not given a copy of the report.

31. The Defendants deny the allegations contained in paragraph 31.

32. The Defendants admit that they authorized the filing of a counterclaim against the Plaintiff and Beliveau which among other things alleged on behalf of MMED and D'Agostino that the Plaintiff conspired with Beliveau to file false claims to ruin the career of the Town Manager. The Defendants deny the remaining allegations contained in paragraph 32.

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Deborah I. Ecker
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

/s/ Susan Jacobs
Susan Jacobs, Esq.
Volterra, Goldberg & Jacobs
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

DATED: April 13, 2007