UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>          Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC<br>DEPARTMENT, JOHN D'AGOSTINO,<br>THE TOWN OF MANSFIELD BOARD OF<br>LIGHT COMMISSIONERS, LOUIS AMORUSO,<br>MICHAEL McCUE, DAVID McCARTER,<br>DANIEL DONOVAN, ROGER ACHILLE<br>AND STEVEN MacCAFFRIE,<br><br>          Defendants | C.A. No. 05-10354-DPW |

CONSOLIDATED WITH
C.A. No. 04-11329-DPW

| | |
|---|---|
| DR. JOHN BELIVEAU,<br>          Plaintiff<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN O.<br>D'AGOSTINO,<br>          Defendants | |

### PLAINTIFF KIMBERLY STOYLE'S MOTION *IN LIMINE* TO EXCLUDE LACK OF PROBABLE CAUSE FINDING

The plaintiff hereby moves, *in limine*, for an Order excluding from evidence at the trial of this matter the finding made by the Massachusetts Commission Against Discrimination ("MCAD"), that her complaint lacked probable cause. As grounds for this Motion, the plaintiff contends that the finding is inadmissible hearsay and that the probative value is outweighed by the danger of unfair prejudice.

1

When a statement is offered for the truth of the matter asserted, it is inadmissible as hearsay. See Federal Rule of Evidence 801. The MCAD Finding constitutes hearsay, as it is an out-of court assertion offered to prove the matter therein; that is, that there is insufficient evidence to credit plaintiff's allegations of discrimination. Moreover, the MCAD Finding's probative value is far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Federal Rule of Evidence 403. If the MCAD finding were admitted into evidence, there is a substantial danger that the jury would speculate as to the nature and reasons for the finding, misunderstand the limited import of the administrative decision and be unduly influenced by the MCAD's finding.

The MCAD Finding is an evaluation of the plaintiff's claims based on an investigation and the decision of investigators to choose certain facts on which to base their finding. The MCAD Finding thus reflects the exercise of judgment and discretion not only as to the ultimate conclusion, but also as to the selection of facts, observations and information contained therein. The plaintiff is prepared, if necessary, to demonstrate that admission of the MCAD Finding would be highly prejudicial in that the MCAD based its finding on "facts" which were unsupported by the evidence and ignored other evidence which demonstrated that there was probable cause to credit plaintiff's complaints of discrimination. See Brom v. Bozell, Jacobs, Kenyon & Eckhardt, 867 F. Supp. 686 (D.N. Ill. 1994) citing., 776 F.2d 150, 153 (7th Cir. 1985) (refusing to admit Tulloss v. Near North Montessori School, Inc. conclusion section of state fair employment practices tribunal at trial because tantamount to telling jury "this has already been decided and here is the decision.").

In the event that this Court rules that the MCAD Finding is admissible, the plaintiff will ask the Court's permission to call as witnesses at trial Ellen Pinkos Cobb, Esq., the MCAD Attorney Investigator and Geraldine Fasnacht, Esq, her supervisor, the authors of the MCAD Finding, and to subpoena records of the MCAD so that plaintiff will have an opportunity to demonstrate that the finding was based on facts not in evidence and ignored evidence which would have influenced the result.

WHERFORE, plaintiff respectfully requests that this Honorable Court exclude the MCAD Lack of Probable Cause Finding from evidence in this case.

Respectfully submitted,
Kimberly Stoyle
By her Attorney


/s/ Lynn A. Leonard
_____
Lynn A. Leonard
Attorney At Law
527 Main Street, Suite 8
Melrose, MA 02176
(781) 662-6161
B.B.O. No. 561662

Dated: June 8, 2007

2