UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br><br>　　　　　Defendants | C.A. No. 05-10354-DPW<br><br><br>**CONSOLIDATED WITH**<br>C.A. No. 04-11329-DPW |
| DR. JOHN BELIVEAU,<br>　　　　　Plaintiff<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br><br>　　　　　Defendants | |

**PLAINTIFF KIMBERLY STOYLE'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE RELATED TO SETTLEMENT NEGOTIATIONS**

The plaintiff hereby moves, *in limine*, for an Order excluding from evidence at the trial of this matter documents or references regarding settlement negotiations. As grounds for this Motion, Plaintiff states that at various times during the pendency of this litigation,

the parties have engaged in voluntary mediation and settlement negotiations. A formal mediation held in June 2003 was unsuccessful. Thereafter, the parties engaged in settlement negotiations in October 2004 and again in January 2005. Plaintiff expects that defendant will attempt to proffer as evidence that plaintiff demanded money in an effort to prove that she was not constructively discharged, as indicated in the attached excerpt from plaintiff's deposition. Pursuant to Fed.R.Evid. 408, such evidence of settlement negotiations is inadmissible.

Wherefore, Plaintiff respectfully requests that this Honorable Court preclude any reference to a demand for money by plaintiff in this matter.

Respectfully submitted,
Kimberly Stoyle
By her Attorney


/s/ Lynn A. Leonard
_____

Lynn A. Leonard
Attorney At Law
527 Main Street, Suite 8
Melrose, MA 02176
(781) 662-6161
B.B.O. No. 561662

Dated: June 8, 2007

```
 1                UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2
 3      DR. JOHN J. BELIVEAU,      )  CIVIL ACTION
              Plaintiff,           )  NO.: 04-11329-DPW
 4      vs.                        )
        TOWN OF MANSFIELD          )
 5      MUNICIPAL ELECTRIC         )
        DEPARTMENT AND JOHN        )
 6      D'AGOSTINO,                )
              Defendants.          )  CONSOLIDATED WITH
 7      ------------------------   )
        KIMBERLY STOYLE,           )
 8         Plaintiff,              )
        vs.                        )
 9      THE MANSFIELD MUNICIPAL    )  CIVIL ACTION
        ELECTRIC DEPARTMENT,       )  NO.: 05-10354-DPW
10      JOHN D'AGOSTINO, TOWN      )
        OF MANSFIELD BOARD OF      )
11      LIGHT COMMISSIONERS,       )
        LOUIS AMORUSO, MICHAEL     )
12      MCCUE, DAVID MCCARTER,     )
        DANIEL DONOVAN, ROGER      )
13      ACHILLE, AND STEVEN        )
        MACCAFFRIE,                )
14           Defendants.           )
15
16      DEPOSITION OF KIMBERLY A. STOYLE, the Plaintiff in
17      the above-entitled cause, taken before Susan Lozzi,
18      Shorthand Reporter and Notary Public in and for
19      Middlesex County, pursuant to the Federal Rules of
20      Civil Procedure, at the Law Offices of Brody,
21      Hardoon, Perkins & Kesten, LLP, One Exeter Plaza,
22      Boston, Massachusetts, on Monday, March 12, 2007,
23      commencing at 12:24 p.m.
24
```

1  because they ignored you at Board of Light
2  Commissioners meeting because in the past they
3  would?
4      A.  I believe when I said "torture," I said it
5  was like torturing me to be in that room with
6  everyone knowing what I know and knowing that they
7  all know what they know.  That was my -- that was my
8  sense of torture.
9      Q.  And are you talking about the so-called
10 Lampke report and your original allegations about
11 D'Agostino?
12     A.  I know every single person on that board,
13 and I believe that to this day, know exactly what
14 happened and they believe me.  They know I know they
15 know and to me, people that know that and would
16 still do what they did, that is just wrong.
17     Q.  They should have fired John?
18     A.  They should have done whatever you do when
19 someone does something bad.
20     Q.  Pay you a lot of money?
21     A.  No.
22             MS. GRIFFIN:  Objection.
23             MS. LEONARD:  Objection.
24     A.  I just want them to make it stop, and you

```
 1    know that, too.
 2        Q.    And you were also demanding a lot of
 3    money, right?
 4        A.    Demanding?
 5              MS. LEONARD:    Objection.
 6        A.    What are you talking about?
 7        Q.    Were you not demanding a lot of money from
 8    the Town of Mansfield?
 9              MS. LEONARD:    Objection.
10              MS. GRIFFIN:    Objection.
11              MS. LEONARD:    I just want to say
12    anything that came up in a context of the settlement
13    negotiation, Lennie, is not admissible in this case
14    whatsoever.
15              MR. KESTEN:    Whether job conditions
16    are so intolerable that she had to leave in a
17    situation where she was offering to leave for a
18    payment, it makes it relevant, but, anyway, whether
19    it's admissible at trial is a different question,
20    so --
21              MS. LEONARD:    Note my objection.
22              MR. KESTEN:    Lots of things happen in
23    depositions that may not be admissible at trial.
24        BY MR. KESTEN
```

1    Q.   Were you not asking the Town of Mansfield
2  for a lot of money?
3    A.   I was not demanding money. I was not
4  demanding money.
5    Q.   You were not? Would you have settled for
6  an apology?
7           MS. GRIFFIN:  Objection.
8           MS. LEONARD:  Objection.
9    A.   Would I have settled for an apology? I
10  would have settled for -- if they apologized and
11  admitted that early on before they did the rest of
12  the retaliation and did all that craziness,
13  personally, I would have.
14    Q.   That's all you wanted?
15    A.   That's all I wanted.
16    Q.   And how about once Dr. Beliveau left? So
17  getting back to the -- let's back up. So you felt
18  this way about the Board of Selectmen torturing you
19  on some level from the time they voted to uphold the
20  Lampke report essentially. Is that what you're
21  saying?
22    A.   They did not uphold the Lampke report. I
23  read the Lampke report.
24    Q.   From the time they voted not to sanction