UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| TOWN OF MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT AND JOHN | ) |
| D'AGOSTINO, | ) |
| | ) |
| Defendants | ) |

CONSOLIDATED WITH:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| | ) |
| Plaintiff | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT, JOHN | ) |
| D'AGOSTINO, TOWN OF MANSFIELD | ) |
| BOARD OF LIGHT COMMISSIONERS, | ) |
| LOUIS AMORUSO, MICHAEL McCUE, | ) |
| DAVID McCARTER, DANIEL | ) |
| DONOVAN, ROGER ACHILLE and | ) |
| STEVEN MacCAFFRIE, | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF KIMBERLY STOYLE'S
MOTION IN LIMINE TO EXCLUDE LACK OF
PROBABLE CAUSE FINDING**

The Plaintiff, Kimberly Stoyle filed a Charge of Discrimination against the

Defendants with the Massachusetts Commission Against Discrimination in

December 2002 claiming that she was the subject of sexual harassment by

Defendant John D'Agostino. The MCAD found that Ms. Stoyle's claims lacked

1

probable cause and issued an order finding a lack of probable cause and dismissing Ms. Stoyle's Charge of Discrimination.  Ms. Stoyle now seeks to exclude the MCAD's lack of probable cause finding from evidence at trial on the grounds that the finding is inadmissible hearsay and that the probative value is outweighed by the danger of unfair prejudice.

The Defendants hereby oppose Ms. Stoyle's Motion in Limine to Exclude the MCAD's finding on the grounds that the finding is admissible into evidence at trial pursuant to Rule 803(8)(c) of the Federal Rules of Evidence.  Fed. R. Evid. 803 (8)(c); see, Beech Aircraft Corp. v. Rainey, 488 U.S. 153(1988).  Rule 803(8)(c) of the Federal Rules of Evidence excepts from the hearsay rule, "public records and reports [setting forth] factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness" Fed. R. Evid. 803(8)(c).  Here, Ms. Stoyle does not and could not challenge the "trustworthiness" of the MCAD's findings.  Rather, she seeks to have the finding excluded on the grounds that it is prejudicial and on the grounds that the MCAD's finding was allegedly "unsupported by evidence and ignored evidence which demonstrated that there was probable cause to credit plaintiff's complaints of discrimination."  See Plaintiff's Motion in Limine at p. 2.  However, as the Court opined in Beech Aircraft Corp., the "admission of a report containing conclusions is subject to the ultimate safeguard-the opponent's right to present evidence tending to contradict or diminish the weight of those conclusion." Beach Aircraft Corp., 488 U.S. at 168.   Here, Ms. Stoyle may introduce evidence in attempt to contradict the MCAD's finding that her sexual harassment complaint should be credited.  That evidence is not testimony as to what the MCAD attorney investigators did

2

or did not do to arrive at their conclusion, but rather, evidence as to whether or not there is any credible support for her sexual harassment claim originally filed with the MCAD in December 2002.

As the MCAD is expressly authorized to interpret and implement the provisions of the Massachusetts anti-discrimination statute and as part of that is authorized and required to investigate charges of discrimination filed with the agency and to issue determinations concerning probable cause, the lack of probable cause finding issued by the MCAD as regards Ms. Stoyle's sexual harassment claim falls under the exception to the hearsay rule set forth in Rule 803(8)(c) of the Federal Rules of Evidence.  The fact that Ms. Stoyle does not agree with the finding does not make that finding inadmissible at trial.

WHEREFORE, the Defendants respectfully request that this honorable Court deny Plaintiff Kimberly Stoyle's Motion in Limine to Exclude Lack of Probable Cause Finding.

Respectfully submitted,
The Defendants,
By their attorneys,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

/s/ Susan Jacobs
Susan Jacobs, Esq.
VOLTERRA, GOLDBERG & JACOBS
Three Mill Street
Attleboro, MA 02703
(508) 222-1463

DATED: June 12, 2007