UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br>　　　　　Defendants | C.A. No. 05-10354-DPW |

**CONSOLIDATED WITH**

| | |
|---|---|
| DR. JOHN BELIVEAU,<br>　　　　　Plaintiff<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br>　　　　　Defendants | C.A. No. 04-11329-DPW |

### <u>PLAINTIFF KIMBERLY STOYLE'S<br>PROPOSED JURY QUESTIONS</u>

**TITLE VII and M.G.L. c. 151B - Stoyle v. MMED and John D'Agostino**

1. Did the plaintiff complain about sexual harassment or did the plaintiff rebuff the advances of John D'Agostino?

1

Yes _____ No _____

If "no," answer no further questions. If yes, proceed to next question.

2. Did the defendant take adverse action against the plaintiff?

Yes _____ No _____

If "no," answer no further questions. If yes, proceed to next question.

3. Was the complaint of sexual harassment or the rejection of sexual advances a motivating factor in defendant's decision to take retaliatory action against the plaintiff?

Yes _____ No _____

### Title VII - Stoyle v. Board of Light Commissioners

Was the plaintiff subjected to severe or pervasive harassment that materially altered the conditions of her employment?

Yes ___    No ___

If "no," answer no further questions. If yes, proceed to next question

Did the Town of Mansfield Board of Light Commissioners tolerate severe and pervasive harassment?

Yes ___    No ___

### G.L. c. 151B151B, § 4(5) - Stoyle v. Board of Light Commissioners

1. Did the Town of Mansfield Board of Light Commissioners have an obligation and the authority to investigate and/or take remedial action in response to complaints of sexual harassment and retaliation?

Yes ___    No ___

If "no," answer no further questions. If "yes," proceed to next question.

2. Did the Town of Mansfield Board of Light Commissioners intentionally fail to take such action?

      Yes ___        No ___

If "no," answer no further questions. If "yes," proceed to next question.

3. Did the Town of Mansfield Board of Light Commissioners contribute to the complainant's injury by failing to act?

      Yes ___       No ___

### M.G.L. C. 149, §185 -Stoyle v. MMED and D'Agostino

1. Did plaintiff disclose or threaten to disclose to a supervisor or to a public body an activity, policy or practice of the employer that she reasonably believed was in violation of a law, or a rule or regulation promulgated pursuant to law?

      Yes ___       No ___

If no, proceed to question 4. If yes, proceed to next question.

2. Did plaintiff give her supervisor written notice of the protected activities such that her employer had a reasonable opportunity to correct; or did she reasonably believe that the activity, policy or practice was known to one or more supervisors and the situation was emergency in nature; or did she reasonably fear physical harm as a result of the disclosure provided; or did she make the disclosure to a public body for the purpose of providing evidence of what she reasonably believed to be a crime?

      Yes ___       No___

If no, proceed to question 4. If yes, proceed to next question.

3. Did D'Agostino retaliate against plaintiff by taking adverse employment actions against her regarding the terms and conditions of her employment as a result of her protected activities?

      Yes ___        No ___

If no, proceed to question 4.  If yes, proceed to next question.

4. Did plaintiff provide information to, or testify before, any public body conducting an investigation, hearing or inquiry into any violation of haw, or a rule or regulation promulgated pursuant to law?

      Yes ___        No ___

If no, proceed to question 6.  If yes, proceed to next question.

5. Did D'Agostino retaliate against plaintiff by taking adverse employment actions against her regarding the terms and conditions of her employment as a result of the protected activity described in the preceding question?

      Yes ___        No ___

If "no," answer no further questions.  If "yes," proceed to next question.

6.  Did D'Agostino retaliate against plaintiff by taking adverse employment actions against her regarding the terms and conditions of her employment as a result of her protected activities?

      Yes ___        No ___

If "no," answer no further questions.  If "yes," proceed to next question.

7.  Did Plaintiff object to, or refuse to participate in any activity, policy or practice which she reasonably believed was in violation of a law, or a rule or regulation promulgated pursuant to law.

      Yes ___        No ___

If "no," answer no further questions.  If "yes," proceed to next question.

8.  Did Ms. D'Agostino retaliate against Plaintiff by taking adverse employment actions against her regarding the terms and conditions of his employment as a result of the protected activities described in the preceding question?

      Yes ___        No ___

## 42 U.S.C. 1983 - Stoyle v. MMED and D'Agostino

1. Was the defendant acting under color of law?

    Yes ___     No ___

If "no," answer no further questions. If "yes," proceed to next question.

2. Did plaintiff's complaints of the misappropriation of Electric Department funds involve matters of public concern?

    Yes ___     No ___

If "no," answer no further questions. If "yes," proceed to next question.

4. Was plaintiff's interest in commenting upon those matters outweighed by the employer's interests in the efficient performance of its public services?

    Yes ___     No ___

If "no," answer no further questions. If "yes," proceed to next question.

3. Did Ms. D'Agostino retaliate against plaintiff by taking adverse employment actions against her regarding the terms and conditions of his employment as a result of the protected activities described in the preceding question?

    Yes ___     No ___

If "no," answer no further questions. If "yes," proceed to next question.

4. Was plaintiff's protected speech a substantial or motivating factor in the adverse employment actions?

    Yes ___     No ___

If "no," answer no further questions. If "yes," proceed to next question.

5. Was the practice of misappropriating Electric Department funds so well-settled and widespread that policy making officials knew or should have known of it, but did nothing to end the practice and thereby implicitly authorized, approved of or acquiesced to the practice?

Yes ___   No ___

If "no," answer no further questions. If "yes," proceed to next question.

7. Was the custom or practice of misappropriating Electric Department funds the cause of and the moving force that violated plaintiff's right to free speech.

Yes ___   No ___

If "no," answer no further questions. If "yes," proceed to next question.

8. Did the plaintiff suffer damages proximately caused by defendant's actions or failure to act?

Yes ___   No ___

**Tortious Interference with Advantageous Relations - Stoyle v. D'Agostino**

1. Did plaintiff have an employment relationship with the Mansfield Municipal Electric Department?

Yes ___   No ___

If "no," answer no further questions. If "yes," proceed to next question.

2. Did D'Agostino knowingly interfere with plaintiff's employment relationship?

Yes ___   No ___

If "no," answer no further questions. If "yes," proceed to next question.

3. Was D'Agostino's interference with plaintiff's employment relationship intentional?

Yes ___   No ___

If "no," answer no further questions. If "yes," proceed to next question.

4. Was D'Agostino's interference with plaintiff's employment relationship improper in motive or means?

      Yes ___      No ___

If "no," answer no further questions. If "yes," proceed to next question.

5. Was the plaintiff harmed by defendant's actions?

      Yes ___      No ___

### Damages Generally

1. Did the plaintiff suffer emotional distress damages?

Yes ___      No ___

If "no," answer no further questions. If "yes," proceed to next question.

2. Plaintiff is entitled to compensatory damages in the amount of _____.

3. Did plaintiff prove by a preponderance of the evidence that in taking adverse action or tolerating sexual harassment against her, defendants either knew that their actions violated federal law or acted with reckless or callous indifference to that risk.

If "no," answer no further questions. If "yes," proceed to next question.

4. Plaintiff is entitled to punitive damages in the amount of _____.

        Respectfully submitted,
        Kimberly Stoyle
        By her Attorney


        /s/ Lynn A. Leonard
        _____

        Lynn A. Leonard
        Attorney At Law
        527 Main Street, Suite 8
        Melrose, MA  02176
        (781) 662-6161
        B.B.O. No. 561662

Dated:  June 24, 2007