UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY STOYLE,<br>            Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br><br>            Defendants | **C.A. No. 05-10354-DPW** |

**CONSOLIDATED WITH**

|  |  |
|---|---|
| DR. JOHN BELIVEAU,<br>            Plaintiff<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br>            Defendants | **C.A. No. 04-11329-DPW** |

**PLAINTIFF KIMBERLY STOYLE'S OPPOSITION
TO ADMISSION OF SETTLEMENT NEGOTIATIONS**

**I.  INTRODUCTION**

1

Plaintiff charged the Town of Mansfield Board of Light Commissioners ("the Board") with retaliation under Title VII and with aiding and abetting under G.L. c. 151B, § 4(5). (Complaint, Counts III and IV, pp. 15-16). Plaintiff claims that the Board, through its acts and omissions, tolerated a hostile work environment. The plaintiff may recover on such a theory when "the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Noviello v. City of Boston, (398 F.3d 76 (1st Cir. 2005) quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Plaintiff sued the Mansfield Municipal Electric Department ("MMED") under a separate theory of liability. Plaintiff claims that the MMED is strictly liable for the retaliatory acts of its manager, John D'Agostino. (Complaint, Counts I and II, pp. 13-14). This theory does not include the toleration of harassment or the failure to act as a basis of liability. See Farragher v. City of Boca Raton, 524 U.S. 775 (1998) (an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.)

The issue, as defined by the Court, is whether plaintiff's theory that the Board tolerated a hostile work environment permits the admission of evidence of settlement negotiations. The dispute regarding the admissibility of settlement negotiations arises solely in the context of plaintiff's claim against the Board.

## II.   EVIDENCE OF SETTLEMENT NEGOTIATIONS IS PROHIBITED BY FEDERAL RULE OF EVIDENCE 408

Federal Rule of Evidence 408 governs the admissibility of Compromise and Offers to Compromise. Evidence concerning the offer or acceptance of valuable consideration in compromise or attempted compromise of a claim, or evidence of the statements or conduct made in such negotiations, may not be admitted to demonstrate liability for, invalidity of, or amount of the claim, or to impeach through a prior inconsistent statement or contradiction. Fed.R.Evid. 408.

Defendant presumably seeks to admit evidence of settlement negotiations to rebut plaintiff's claim that the Board failed to take prompt and effective remedial action in response to complaints of harassment and retaliation.[1] In this case, settlement negotiations occurred between counsel in July 2003[2], in October 2004 and in January 2005, after plaintiff commenced litigation at the Massachusetts Commission Against Discrimination. (Complaint, p. 2, ¶ 3). When a party is represented by counsel, has threatened litigation, and has instituted the first administrative steps toward litigation, an offer made between attorneys is presumed to be excludable under FRE 408. Admission of such evidence, even at the offeror's request, could inhibit settlement negotiations and interfere with the effective administration of justice. Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2nd Cir. 1992).

---

[1] Under Title VII, defendant is foreclosed from presenting the affirmative defense that it took prompt and effective remedial action. Where a harassing supervisor actually imposes a tangible employment action, as in plaintiff's case, the employer's vicarious liability is automatic; no affirmative defense is available to the employer. Farragher, 524 U.S. 807-08. Likewise, Chapter 151B does not afford employers any affirmative defenses to liability. Noviello, 398 F.3d at 95.

[2] A formal mediation was held in July 2003. The parties signed an agreement that all communications, including all offers and demands, made during and relating to the subject of the mediation would be privileged from disclosure in any proceeding.

3

In a discriminatory termination action, the Sixth Circuit held that the district court erred in admitting evidence of a settlement offer based on a finding that the defendants "opened the door" to the inclusion of settlement evidence by offering evidence of the terminated employee's failure to mitigate.  The court concluded that it would be unreasonable to expect a party to ever make a settlement offer if doing so forced it into choosing between conceding one or more elements of liability or damages or having the offer admitted against it.  Stockman v. Oakcrest Dental Center, P.C., 480 F.3d 791 (6th Cir. 2007).

Furthermore, the probative value of settlement negotiations is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed.R.Evid. 403.  Settlement negotiations occurred three times over a one and a half year period from July 2003 to January 2005.  Plaintiff testified that during this period, there was ongoing harassment and retaliation against her.  Settlement negotiations did not address continuing harassment.  The probative value of settlement negotiations on the issue of prompt and effective remedial action is, therefore, insignificant.  Courts afford great weight when a particular response was demonstrably adequate to cause cessation of the conduct in question.  Spicer v. Virginia Dep't of Corrs., 66 F.3d 705, 711 (4th Cir. 1995) (where employer's prompt response resulted in cessation of complained of conduct, liability ceased). O'Rourke v. City of Providence, 235 F.3d 713 (1st Cir. 2001); Fleenor v. Hewitt Soap Co., 81 F.3d 48, 51 (6th Cir. 1996) (employer's response in reprimanding harassing co-worker insulated employer from liability where harassing conduct stopped).

Nor is the amount of any settlement offer admissible or probative of whether defendant took prompt and effective remedial action.  Fed.R.Evid. 408, 403.  Plaintiff's willingness to compromise her claims for $150,000 was motivated by several factors unrelated to the actual monetary value of her emotional distress damages.  Disclosing the amount of the settlement offer would mislead the jury in valuing compensatory damages for plaintiff's emotional distress, particularly given the absence of a legal standard for awarding emotional damages.  See Niver v. Travelers Indem. Co. of Illinois, 433 F.Supp.2d 968 (N.D.Iowa 2006) (any argument designed to make jury believe that worker was willing to accept something less than what he was asking jury to award in damages would have contravened federal evidentiary rules.)

### III.    CONCLUSION

Based upon the foregoing, plaintiff's respectfully requests that this Court exclude evidence of settlement negotiations.

                                        Respectfully submitted,
                                        Kimberly Stoyle
                                        By her Attorney


                                        /s/ Lynn A. Leonard
                                        _____

                                        Lynn A. Leonard
                                        Attorney At Law
                                        527 Main Street, Suite 8
                                        Melrose, MA  02176
                                        (781) 662-6161
                                        B.B.O. No. 561662

Dated:  June 24, 2007