UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

DR. JOHN J. BELIVEAU,            )
                                 )
        Plaintiff                )
VS.                              )
                                 )
TOWN OF MANSFIELD MUNICIPAL      )
ELECTRIC DEPARTMENT AND          )
JOHN D'AGOSTINO,                 )
                                 )
        Defendants               )

**CONSOLIDATED WITH**

Civil Action No.: 05-10354-DPW

KIMBERLY STOYLE,                  )
        Plaintiff                 )
                                  )
VS.                               )
                                  )
THE MANSFIELD MUNICIPAL           )
ELECTRIC DEPARTMENT , JOHN        )
D'AGOSTINO, TOWN OF MANSFIELD     )
BOARD OF LIGHT COMMISSIONERS,     )
LOUIS AMORUSO, MICHAEL MCCUE      )
DAVID MCCARTER, DANIEL            )
DONOVAN, ROGER ACHILLE, AND       )
STEVEN MACCAFFRIE,                )
                 Defendants       )

### DEFENDANTS' MOTION FOR LEAVE TO INTRODUCE CERTAIN EVIDENCE REGARDING SETTLEMENT DISCUSSIONS BETWEEN THE DEFENDANTS AND STOYLE INTO EVIDENCE

Prior to the start of the trial, the Plaintiff, Kimberly Stoyle filed a motion in limine requesting that all evidence of settlement discussions between Ms. Stoyle and the Defendants be excluded from evidence. The Defendants opposed this motion in part on the grounds that such discussions were important to defend against Ms. Stoyle's constructive discharge claim. In response, Ms. Stoyle dropped her claim of constructive discharge. Ms. Stoyle has now testified on direct examination at trial. This testimony has resulted in a change of circumstances.

A large portion of her testimony was focused on the retaliation that she alleges occured once she filed her Charge of Discrimination with the Massachusetts Commission Against Discrimination in December 2002. Specifically, Ms. Stoyle repeatedly testified that once she filed her December 2002 sexual harassment charge, the Board of Light Commissioners retaliated against her by doing nothing to discipline the Town Manager, the alleged perpetrator, and by failing to investigate or take action concerning her sexual harassment claims. She further testified that the Board of Light Commissions retaliated against her by making statements that her claim had no merit, by voting to renew Mr. D'Agostino's contract, by voting to support the findings of the independent investigator who found that the actions alleged did not amount to actionable sexual harassment and by not terminating Mr. D'Agostino's employment, among other things. Following Ms. Stoyle's direct examination, the Defendants requested they be allowed to introduce evidence of the ongoing settlement discussions which ocurred during the period of time that Ms. Stoyle testified that the Board of Light Commissioners were doing nothing about her sexual harassment complaints.

The Defendants made this request based on Ms. Stoyle's own testimony as well as the Court's pretrial ruling ordering the production of the Executive Session Minutes from the meetings Board of Light Commissioners on January 14 and January 28, 2004 that discuss in part the potential settlement of Ms. Stoyle's claims. Ms. Stoyle's testimony and the release of the executive session meeting minutes have placed settlement discussions and demands being made by Ms. Stoyle at issue in this matter.

As the Court is aware, Rule 408 of the Federal Rules of Evidence governs the admissibility of evidence of settlement offers or agreements in federal trials. The Rule provides that such evidence is not admissible to prove liability for or invalidity of the claim or its amounts. Likewise, evidence of conduct or statements made in compromise negotiations are likewise not admissible. Federal Rules of Evidence Rule 408. This rule however, does not require exclusion when the evidence is offered for another purpose.

Here, the Defendants are not offering the evidence to prove liability or the invalidity of the claim or its amounts. Rather, the Defendants purpose for offering the evidence of settlement discussions and demands made are two fold. First, the Defendants seek to offer the evidence to rebut Ms. Stoyle's testimony that the Board of Light Commissioners retaliated against her by taking no action as regards her claims of sexual harassment. As the Plaintiff is no doubt aware, there will be ample evidence that in fact the Board of Light Commissioners discussed on multiple ocassions, Ms. Stoyle's claims as well as her demands for settlement. Second, the Defendants seek to offer the evidence to rebut Ms. Stoyle's testimony that everything that the Defendants did after she filed her claim was retaliatory. On the contrary, this jury could well find the settlement discussions that short of terminating Mr. D'Agostino, Ms. Stoyle would consider every action or inaction by the Board of Light Commissioners, Mr. D'Agostino, Town Accountant Bea Kearney and Town Treasurer Richard Boucher to be retaliatory.

2

The key issues in this case are the relationships between John D'Agostino, Kim Stoyle, and Jack Beliveau as well as the relationship between Ms. Stoyle and Bea Kearney and Ms. Stoyle Richard Boucher.  Ms. Stoyle in her direct testimony testified that she considered various requests for information by Mr. D'Agostino to be retaliatory.  The Defendants anticipate that Dr. Beliveau will testify to the same retaliatory action. Some of the actions Stoyle  complained of were :

1. The Board of Light Commissioners refusing her demand that Mr. D'Agostino no longer attend the meetings of the Board of Light Commissioners meetings ;

2. The Board of Light Commissioners/Selectmen's determination that no sexual harassment had occured after their review of attorney James Lampke's independent investigation into Ms. Stoyle's sexual harassment claims ; and

3. The negligent retention of Mr. D'Agostino despite her claims for sexual harassment.

The evidence that the Defendants wish to introduce will show that all of the Defendants were unaware of Ms. Stoyle's sexual harassment allegations up to and until she filed her MCAD complaint. Shortly thereafter, the Defendants retained attorney James Lampke to conduct an investigation. In addition, the Defendants suggested that Mr. D'Agostino have no contact with Ms. Stoyle pending the investigation except at the meetings of the Board of Light Commissioners. The evidence that the Defendants seek to introduce will show that the Board of Light Commissioners/Selectmen held a series of executive session meetings in the Spring of 2003 with Town Counsel, Robert Mangiaratti, defendant counsel retained by the Town's insurer John Davis, the representative of the Town's Insurance company, and on one occassion Attorney Lampke to discuss Ms. Stoyle's claims and how to proceed not only as regards potential settlement but in the management of the light department given Ms. Stoyle's settlement demands and her claim that every request subsequent to her filing her MCAD Charge of Discrimination was retaliatory.

For example during one of the first executive sessions meetings held to discuss Ms. Stoyle's claims, the Selectmen learned that Dr. Beliveau indicated that he believed that an issue raised by the Town Accountant Bea Kearney and Town Treasurer Richard Boucher and their request for a meeting to discuss and resolve the issue was raised in retaliation for Ms. Stoyle's filing of a sexual harassment complaint. The Selectmen and D'Agostino were now in a tough situation given that it seemed that any attempt at supervision of Beliveau and Stoyle would be construed as harassment.

In June 2003, the parties agreed to engage in mediation. The Town was insured, thus the claims adjustor attended the mediation. At the mediation, the plaintiff indicated that she would not resolve her case unless and until the Town amended its charter so that Mr. D'Agostino was no longer the manager of the

3

MMED and could not supervise either Dr. Beliveau or Ms. Stoyle. The Selectmen would not accede to this demand. Because they could not resolve the case, they then had to make a finding as to attorney Lampke's investigation as required by law. The Selectmnen's findings were that the incidents as described did not rise to the level of sexual harassment.

Ms. Stoyle has devoted a great deal of time at this trial testifying that the actions taken and not taken by the defendants after she filed her MCAD complaint were retaliatory. The defendants therefore ask that they be allowed to introduce the following evidence :

1. The fact that the Defendants contrary to Ms. Stoyle's testimony did not do nothing regarding her claims of sexual harassment but rather, discussed her claims in context and relied upon the advice of counsel ;

2. That the Defendants agreed to engage in mediation in an attempt to resolve Ms. Stoyle's claims but that settlement broke down because Ms. Stoyle indicated that she would not settle unless the Town Charter was amended so that Dr. Beliveau was made the Manager of the MMED removing Mr. D'Agostino entirely from the operation of the MMED ;

3. That when the Town declined to change the Charter, Ms. Stoyle then offered to resign in return for a six figure settlement ;

4. That the insurance company came close to a settlement agreement with Ms. Stoyle in return for her resignation, but when the Town ultimately declined to approve this settlement, Ms. Stoyle resigned to take a higher paying job and brought her new complaint alleging Whistleblowing activity ; and

5. That the Defendants made their statements and took action or failed to act as Ms. Stoyle alleges based on what was known to them at the time of those actions including the settlement discussions, the demands, the threat to file a complaint with the Ethics Commission and the Inspector General if the claims were not settled, the facts disclosed as a result of attorney Lampkes investigation and the failure of the MCAD to find probable cause to credit Ms. Stoyle's sexual harassment claims ; and

6. That Ms. Stoyle's settlement demands and statements and every request or action taken after her filing of her sexual harassment was retaliatory made it impossible to manage the MMED .

In addition to requesting that they be allowed to question the witnesses and introduce evidence concerning settlement discussions, the Defendants also renew their request that they be allowed to admit the lack of probable cause finding issued by the MCAD as it is relevant to the question as to whether the

identical finding by the Selectmen was legitimate or whether it constituted retaliation or continuing harassment as alleged by the plaintiff.

     Finally, in light of the fact that this Court has now ordered the defendants to produce the Executive Session minutes for January 14 and January 28, 2004, the defendants will waive their previous objections to testimony regarding the executive sessions held after Ms. Stoyle filed her MCAD complaint until the time that Dr. Beliveau was terminated to the extent that the defendants and Town Counsel were discussing how they could manage the MMED in light of the negotiations and the demands made by the plaintiff. The defendants ask that this Court allow them to add attorney Robert Mangiarotti, Town Counsel, to the witness list.

     Wherefore, the defendants ask that this Court allow evidence described above to be presented to the jury. Such evidence falls within the exception to Rule 408 of the Federal Rules of Evidence.

     Respectfully submitted,
     The Defendants,
     By their attorneys,

     /s/ Leonard H. Kesten
     Leonard H. Kesten, BBO# 542042
     Deborah I. Ecker, BBO# 554623
     BRODY, HARDOON, PERKINS & KESTEN, LLP
     One Exeter Plaza
     Boston, MA 02116
     (617) 880-7100

     /s/ Susan Jacobs
     Susan Jacobs, Esq.
     VOLTERRA, GOLDBERG & JACOBS
     Three Mill Street
     Attleboro, MA 02703
     (508) 222-1463

DATED: June 24, 2007