UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11329-DPW

| | |
|---|---|
| DR. JOHN J. BELIVEAU, | ) |
|         Plaintiff | ) |
| VS. | ) |
| TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT AND JOHN D'AGOSTINO, | ) |
|         Defendants | ) |

**CONSOLIDATED WITH**

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
|         Plaintiff | ) |
| VS. | ) |
| THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL MCCUE DAVID MCCARTER, DANIEL DONOVAN, ROGER ACHILLE, AND STEVEN MACCAFFRIE, | ) |
|         Defendants | ) |

**DEFENDANTS' MOTION IN LIMINE
REGARDING THE NAVY LAWSUIT**

The defendants hereby ask that this Court allow them to elicit testimony regarding Dr. Beliveau's lawsuits against his former employer, the U.S. Navy, in this action because of testimony offered by Dr. Beliveau in his direct examination regarding the fact that he had never been fired before and his claim that he did not get jobs that he had applied for once reference checks were made.

1

The topic of Dr. Beliveau's previous « whistleblower » lawsuit that he filed against his former employer was the subject of a Motion in Limine filed by the plaintiff. The court allowed the motion but cautioned the plaintiff and his counsel to be careful in testimony about Dr. Beliveau's past employment history so that the door would not be opened to such evidence. The defendants suggest that Dr. Beliveau's testimony in his direct examination has opened this door.

Dr. Beliveau's employment with the U.S. Navy ended in a flurry of litigation involving Whistleblower actions he brought against that employer and further actions to set aside the settlement of his case. The factual findings in that case included findings that Dr. Beliveau was an extremely difficult employee who saw himself as a « white knight » and was very defensive when he perceived that his job was threatened. The decision of the Administrative Law Judge who made these findings was publicly available even before Dr. Beliveau was terminated from his job in Mansfield.

Dr. Beliveau's testimony in this action was designed to suggest to the jury that he left his position with the Navy on a positive note and then was unlawfully terminated by Mansfield. He also wants the jury to conclude that he was not offered jobs after he left Mansfield because of Mr. D'Agostino's statements to the press.

However, had employers checked on his background before hiring him, they would have found publically available documents which demonstrated that he had brought Whistleblower lawsuits against his two previous employers and that an Administrative Law Judge had found that he was a most difficult employee. If one simply searches the World Wide Web for information about Dr. Beliveau, it is easy to find the information about his prior and current lawsuits.

2

In light of the fact that Dr. Beliveau has introduced the above described testimony, the defendants ask that they be allowed to offer testimony demonstrating that Dr. Beliveau left his previous employment as a result of a negotiated settlement of his lawsuit against that employer and that information about Dr. Beliveau's litigation history with the Navy was publically available to prospective employers once he left Mansfield.

        Respectfully submitted,

        The Defendants,
        By their attorneys,

        /s/ Leonard H. Kesten
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

Dated: July 9, 2007