UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354-DPW

KIMBERLY STOYLE, )
    Plaintiff )
 )
VS. )
 )
THE MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT, JOHN )
D'AGOSTINO, TOWN OF MANSFIELD )
BOARD OF LIGHT COMMISSIONERS, )
LOUIS AMORUSO, MICHAEL MCCUE )
DAVID MCCARTER, DANIEL )
DONOVAN, ROGER ACHILLE, AND )
STEVEN MACCAFFRIE, )
    Defendants )

**DEFENDANTS' MOTION FOR DIRECTED VERDICT**

The Defendants, the Town of Mansfield Municipal Electric Department ("MMED") and John D'Agostino, hereby ask that this Court direct a verdict for the Defendants and against the Plaintiff Kimberly Stoyle in this matter. In support thereof, the Defendants state as follows.

Stoyle has brought this action based on two theories of liability both premised on her claim that she was retaliated against by the Defendants for engaging in protected activities. The first theory put forth by Stoyle is that the Defendants retaliated against her because she filed a sexual harassment charge against them with the Massachusetts Commission Against Discrimination in December 2002. The second theory put forth by Stoyle is that the Defendants retaliated against her because she allegedly disclosed alleged financial improprieties. Under either theory of liability, Stoyle must prove that she engaged in protected conduct and that she was thereafter subjected to an adverse job action and also that there is a nexus between the protected conduct and the

1

adverse job action. Here, Stoyle has clearly not introduced sufficient evidence to support such findings.

The only adverse job action that Stoyle has alleged occurred in retaliation for her engaging in protected activities are actions taken by Gary Babin, the Director of the MMED as of May 2004. Stoyle claims that Babin restructured her job because under his management he delivered the financial reports to the Board of Light Commissioners. Further, he decided that he would be the only MMED employee who would sit at the table with him at the Board of Light Commissioners meetings.

First, this limited "restructuring" of her position could not reasonable be considered to be an adverse employment action. Even if it could, Stoyle has failed to introduce any evidence to prove a causal connection between Babin's management style and restructuring of her position and the protected conduct alleged. There was no evidence introduced by Stoyle that even Babin knew of, cared about, or took any action against Stoyle in retaliation for her filing of a sexual harassment complaint against the Defendants prior to his tenure with the MMED. Likewise, there was a complete absence of evidence introduced by Stoyle to show a nexus between Babin's actions and her alleged engagement in whistleblowing activity. Stoyle has not shown that any action taken by Babin was motivated by discriminatory or illegal animus. Accordingly, no reasonable finder of fact can find that the Defendants, through Babin or otherwise, retaliated against Stoyle because she filed a sexual harassment complaint or because she engaged in whistleblower activity.

In addition to the above, Stoyle has not proven that she engaged in protected activity when she filed her charge of discrimination in December 2002.

The defendants submit that no reasonable finder of fact could find that Ms. Stoyle had a good faith objectively reasonable belief that she was the subject of sexual harassment by defendant D'Agostino when she filed her complaint. The evidence introduced clearly shows that the two main actions that form the basis for her December 2002 sexual harassment complaint – the alleged hotel room incident in August 1999 and the "gerbil email" – occurred over two years before Stoyle filed her sexual harassment complaint and by her own admission were actions that never recurred. Staring in her direction during a conference and at a Christmas party and making the comment "you look delicious" cannot form the basis of a good faith objectively reasonable sexual harassment charge.

      Likewise, there was absolutely no evidence introduced by Stoyle which could support a finding that the alleged "fake questions" posed to her by D'Agostino including the question involving the computer system, the phone records, the justification for pay raises and the damage to the automobile fender, were asked by him to retaliate against her for rebuffing his alleged non verbal sexual "advances" as Stoyle alleges. She did not present any evidence to raise even an inference of a causal connection. The filing of a charge of discrimination alone does not amount to protected activity. Rather, for the activity to be protected and to form the basis of a retaliation claim, Stoyle must have had a good faith, objectively reasonable belief that she was being sexually harassed by D'Agostino at the time she filed her complaint. Here, no reasonable finder of fact can find that she had a good faith reasonable belief and accordingly, the court should direct a verdict for the Defendants and against the Plaintiff, Kimberly Stoyle.

WHEREFORE, as all of Stoyle's remaining claims are premised on the validity of her retaliation claims, the court should direct a verdict of the Defendants and against the Plaintiff Kimberly Stoyle on all of her claims against them.

        Respectfully submitted,
        The Defendants,
        By their attorneys,

        /s/ Leonard H. Kesten
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

DATED: July 9, 2007