UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————— )
KIMBERLY STOYLE,                              )
                            Plaintiff          )
                                               )
v.                                             )
                                               )            C.A. No. 05-10354-DPW
THE MANSFIELD MUNICIPAL ELECTRIC              )
DEPARTMENT, JOHN D'AGOSTINO,                   )
THE TOWN OF MANSFIELD BOARD OF                 )
LIGHT COMMISSIONERS, LOUIS AMORUSO,           )
MICHAEL McCUE, DAVID McCARTER,                 )
DANIEL DONOVAN, ROGER ACHILLE                  )
AND STEVEN MacCAFFRIE,                         )
                                               )
                            Defendants         )
————————————————————————

                                                            CONSOLIDATED WITH
                                                            C.A. No. 04-11329-DPW

———————————————————————— )
DR. JOHN BELIVEAU,                            )
                            Plaintiff          )
                                               )
v.                                             )
                                               )
TOWN OF MANSFIELD MUNICIPAL                    )
ELECTRIC DEPARTMENT, JOHN O.                   )
D'AGOSTINO,                                    )
                            Defendants         )
————————————————————————

**PLAINTIFF KIMBERLY STOYLE'S**
**PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

        Now comes plaintiff, Kimberly Stoyle, and respectfully submits the following
proposed supplemental jury instructions:

### Title VII, M.G.L. c. 151B, §4(4) - Retaliation

1. Protected conduct includes not only the filing of administrative complaints, but also complaining to one's supervisors. <u>Valentin-Almeyda v. Municipality of Aguadilla</u>, 477 F.3d 85, 94 (1st Cir. 2006).

2. Notice of harassment and other retaliatory conduct to Dr. Beliveau, to Mr. D'Agostino or to the Board of Light Commissioners constitutes notice to the Mansfield Municipal Electric Department.

3. An "adverse action" is one that would be materially adverse to a reasonable employee. <u>Burlington Northern & Santa Fe Railway Company v. Sheila White</u>, 126 S.Ct. 2405, 2409, 2416 (2006). This requires plaintiff to show that the challenged action would dissuade a reasonable employee from making or supporting a charge of discrimination. <u>Id</u>. This is an objective standard. "Material" means a significant as opposed to trivial impact on the terms and conditions of employment. <u>Id</u>. An employer can also retaliate by taking actions not directly related to plaintiff's employment or by causing harm outside the workplace. <u>Id</u>. at 2412.

4. The significance of any given act of retaliation may depend upon the particular circumstances. <u>Id</u>. at 2414. An act that would be immaterial in some situations is material in others. <u>Id</u>. at 2416. "The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations and relationships which are not fully captured by a simple recitation of the words used or

the physical acts performed.  <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 81-82 (1998).

5.  If you find that plaintiff was subject to false accusations of poor performance or misconduct, derogatory false statements to the media, diminution of job duties, rejection of union membership, attempts to retract a pay raise and threats of disciplinary action and termination and that such conduct would dissuade a reasonable person from making a charge of discrimination, then you must find that MMED and D'Agostino took adverse action against the plaintiff.

6.  The creation, perpetuation or toleration of sexual harassment can also comprise a retaliatory adverse employment action.  <u>Noviello v. City of Boston</u>, 398 F.3d 76, 89 (1st Cir. 2005).  This means that workplace harassment, if sufficiently severe or pervasive, may in and of itself constitute an adverse employment action.

7.  Both hostile work environment and *quid pro quo* sexual harassment are actionable as forms of sex discrimination.  <u>Meritor Savings Bank v. Vinson</u>, 106 S. Ct. 2399 (1986). A hostile work environment includes verbal or physical conduct of a sexual nature such as sexual jokes, sexual gestures, sexual propositions and sexual comments.  <u>Id</u>. at 2404.  It also includes harassment that is gender-based, but not necessarily sexual in nature such as derogatory gender-based statements, false accusations of misconduct and other such open and direct hostility directed at plaintiff because of her gender.  <u>Id</u>. at 2405; <u>Noviello</u>, 389 F.3d at 93-94, quoting <u>Oncale</u>, 523 U.S. at 80

(1998). *Quid pro quo* harassment occurs when submission to or rejection of sexual

advances is used as the basis for adverse employment action. Id. at 2406.


8.  In order to prove a hostile work environment, plaintiff must show that she was

    subjected to severe or pervasive harassment that materially altered the conditions of

    her employment. Noviello, 389 F.3d at 92. The harassment must be objectively and

    subjectively offensive, one that a reasonable person would find hostile or abusive,

    and one that plaintiff in fact did perceive to be so.


9.  In determining whether a reasonable person would find particular conduct hostile or

    abusive, you must consider the totality of the circumstances, including factors such

    as the "frequency of the discriminatory conduct; its severity; whether it is physically

    threatening or humiliating, or a mere offensive utterance; and whether it

    unreasonably interfered with plaintiff's work performance." Noviello, 389 F.3d at

    92, quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998).


                              Respectfully submitted,

                              PLAINTIFF
                              Kimberly Stoyle
                              By her Attorney,

                              /s/ Lynn A. Leonard
                              _____
                              Lynn A. Leonard
                              Attorney At Law
                              527 Main Street, Suite 8
                              Melrose, MA  02176
                              (781) 662-6161
                              B.B.O. No. 561662

Dated:  July 28, 2007