UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DR. JOHN BELIVEAU,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT AND<br>JOHN D'AGOSTINO,<br>    Defendants. | CIVIL ACTION NO.<br>04-11329-DPW |
| | CONSOLIDATED WITH: |
| KIMBERLY STOYLE,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT AND<br>JOHN D'AGOSTINO,<br>    Defendants. | CIVIL ACTION NO.<br>05-10354-DPW |

### VERDICT

**I.  AS TO THE CLAIMS OF JOHN J. BELIVEAU**

**A.  LIABILITY**

1.  Was either (or both) of the following a motivating factor in the Defendants' decision to terminate John Beliveau:

    a.  His support of Kimberly Stoyle's complaints to the Massachusetts Commission Against Discrimination?

Answer "YES" or "NO"                  __YES__

    b.    His filing of his own complaints with the Massachusetts Commission Against Discrimination?

Answer "YES" or "NO"          <u>YES</u>

    2.    Did John D'Agostino seek to intimidate John Beliveau for supporting Kimberly Stoyle's MCAD complaints when D'Agostino publicly stated that he would sue certain employees after Kimberly Stoyle filed such complaints?

Answer "YES" or "NO"          <u>YES</u>

    3.    Was any one (or more) of the following a motivating factor in the Defendants' decision to terminate John Beliveau?

    a.    Beliveau's participation in the Ethics Commission investigation?

Answer "YES" or "NO"          <u>NO</u>

    b.    Beliveau's objection to retaliation against Kimberly Stoyle for her complaints of sexual harassment, based on his reasonable belief such retaliation against Stoyle was a violation of rule, regulation or statute?

Answer "YES" or "NO"          <u>YES</u>

    c.    Beliveau's objection to certain internal charges of the Town of Mansfield being charged to the Municipal Electric Department, based on his reasonable belief that such charges violated rule, regulation or statute?

Answer "YES" or "NO"          <u>YES</u>

d.  Beliveau's objection to signing the vouchers for donations for oil and gas assistance, based on his reasonable belief that such vouchers violated rule, regulation or statute?
Answer "YES" or "NO"        **NO**

4.  Did John D'Agostino intentionally inflict emotional distress on John Beliveau after his termination from employment on February 12, 2004?
Answer "YES" or "NO"        **YES**

**If you have answered "YES" to one (or more) of Questions 1 through 4 in Section I.A. above, proceed to the remainder of the Questions.  Otherwise turn to the Questions in Section II.A. regarding the Claims of Kimberly Stoyle.**

**B.  BASIS FOR AND EFFECT OF RETALIATION CLAIM**

1.  Did John Beliveau file his complaints with the Massachusetts Commission Against Discrimination in bad faith?
Answer "YES" or "NO"        **NO**

2.  Would the Defendants have terminated John Beliveau on February 12, 2004 even if he had not engaged in any one (or more) of the activities you have found to be motivating factors in response to Questions I.A.1 or Questions I.A.3?

**If your answer is "YES" to any one (or more) of such activities, answer by identifying the relevant Questions by subsection (e.g., I.A.1 (x) or I.A.3 (x)), otherwise answer "NO."**

        **NO**

C.  **DAMAGES**

If you have answered "YES" to any one (or more) of the Questions contained in Section I.A. above, please proceed to answer the following Questions.

1. What sum of money, if any, do you award John Beliveau as compensatory damages for

(Answer Qustion I.C.1.a only if you answered "YES" to any one (or more) of Questions I.A.1 or I.A.3., otherwise turn to Question I.C.1.b.)

    a. Lost wages and benefits: $ _255,000_

                                    Answer in dollars or "None"

    b. Emotional Distress: $ _150,000_

                                      Answer in dollars or "None"

2. What sum of money, if any, do you award John Beliveau as punitive damages against the Mansfield Municipal Electric Department?

                          $ _250,000_

                                      Answer in dollars or "None"

4

## II. AS TO CLAIMS OF KIMBERLY STOYLE

### A. LIABILITY

1. Was one (or more) of the following a motivating factor in a decision by the Defendants thereafter to take adverse employment action against Kimberly Stoyle?

    a. Her rejection of sexual advances by Mr. D'Agostino?

Answer "YES" or "NO"  _____NO_____

    b. Her informal complaints to the Defendants regarding sexual harassment?

Answer "YES" or "NO"  _____NO_____

    c. Her formal complaints to the Massachusetts Commission Against Discrimination?

Answer "YES" or "NO"  _____YES_____

2. Was any one or more of the following a motivating factor in a decision by the Defendants thereafter to take adverse employment action against Kimberly Stoyle?

    a. Stoyle's participation in the Ethics Commission investigation?

Answer "YES" or "NO"  _____NO_____

    b. Stoyle's objection to certain internal charges of the Town of Mansfield being charged to the Municipal Electric Department, based on her reasonable belief that such charges violated rule, regulation or statute?

Answer "YES" or "NO"  _____YES_____

5

c.  Stoyle's objection to withdrawals by the Town of Mansfield from the depreciation fund of the Municipal Electric Department based on her reasonable belief that such withdrawals were a violation of rule, regulation or statute?
Answer "YES" or "NO"      YES

d.  Stoyle's complaints of sexual harassment based on her reasonable belief that such harassment was a violation of rule, regulation or statute?
Answer "YES" or "NO"      YES

**If you have answered "YES" to one (or more) of Questions 1 and/or 2 in Section II.A. above, proceed to the remainder of the Questions, otherwise return your verdict.**

B.  **BASIS FOR AND EFFECT OF SEXUAL HARASSMENT AND RETALIATION CLAIM**

1.  Did Kimberly Stoyle file her complaints with the Massachusetts Commission Against Discrimination in bad faith?
Answer "YES" or "NO"      NO

6

2. Would the Defendants have engaged in the adverse employment actions against Kimberly Stoyle if she had not engaged in any one (or more) of the activities you have found to be motivating factors in response to Questions II.A.1 or Questions II.A.2?

**If your answer is "YES" to any one (or more) or such activities, answer by identifying the relevant Questions by subsection (e.g., II.A.a (x) or II.A.3 (x)), otherwise answer "NO."**

　　　　　　　　　　　　　　_____NO_____

C. **DAMAGES**

　　1. What sum of money, if any, do you award Kimberly Stoyle as compensatory damages for Emotional Distress?

　　　　　　　　　　　　　$ _<u>300,000</u>_____

　　　　　　　　　　　　　Answer in dollars or "None"

　　2. What sum of money, if any, do you award Kimberly Stoyle as punitive damages against the Mansfield Municipal Electric Department?

　　　　　　　　　　　　　$ _<u>500,000</u>_____

　　　　　　　　　　　　　Answer in dollars or "None"

_8/2/2007_　　　　　　　　　　　　　　　　_Carolyn Sanford_
DATE　　　　　　　　　　　　　　　　　　　FOREPERSON