UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　　Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br><br>　　　　　　Defendants | C.A. No. 05-10354-DPW |
|  | CONSOLIDATED WITH<br>C.A. No. 04-11329-DPW |
| DR. JOHN BELIVEAU,<br>　　　　　　Plaintiff<br><br>v.<br><br>TOWN OF MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN O. D'AGOSTINO,<br>　　　　　　Defendants |  |

PLAINTIFF KIMBERLY STOYLE'S MOTION TO
ENTER JUDGMENT AGAINST THE TOWN OF MANSFIELD

Now Comes Kimberly Stoyle and respectfully requests that this Honorable Court

enter judgment against the Town of Mansfield Municipal Electric Department ("MMED")

1

in the amount of $300,000 for emotional distress damages, $600,000 for punitive damages, pre- and post-judgment interest, and attorneys fees and costs in an amount to be determined. Plaintiff argues that judgment must enter against the Town of Mansfield because MMED is a department of the Town.

The Town of Mansfield is a named defendant in this case. Plaintiff filed a retaliation complaint against the MMED under both Title VII (Count I) and G.L. c. 148, § 185 (Count V). Plaintiff also filed a retaliation claim against the Town of Mansfield Board of Light Commissioners under Title VII (Count III). Defendant maintained throughout the trial and the evidence supports that MMED is a department of the Town. Plaintiff was the Chief Financial Officer for the MMED and received her paycheck from the Town of Mansfield. (Testimony of Bea Kearny). The Board of Light Commissioners ("the Board") is elected by the citizens of Mansfield. (Ex. 134). The Town Manager, John D'Agostino, was appointed by the Board as the Manager of the Light Department. D'Agostino is responsible for the operation and management of the plant. (Testimony of John D'Agostino).

Based upon similar facts, the Massachusetts Supreme Judicial Court has held that a municipal electric department is a department of the Town. DeRoche vs. Massachusetts Commission Against Discrimination & Another, 447 Mass. 1, 11 (2006). The court reasoned that "The citizens of the town voted to create the department, G.L. c. 164, § 55, and the department's Board of Light Commissioners is comprised of members elected by those same citizens. Id. It is the town that owns the light plant that the department operates. G.L. c. 164, § 34. The manager of the department, who has full charge of the operation and management of the plant, is appointed by the Board." G.L. c. 1645, § 56.

2

The <u>DeRoche</u> court further recognized that "[A] town and its electric department are sufficiently independent from each other to allow a suit *by the town* against its electric department . . . ." <u>DeRoche</u>, 441 Mass. at 11, quoting <u>Middleborough v. Middleborough Gas & Elec. Dep't</u>., 422 Mass. 583 (1996) (emphasis added). "However, as a legal and practical matter, the department is a department of the town . . . ." Based upon <u>DeRoche</u>, judgment must enter against the Town of Mansfield for compensatory and punitive damages. The Town is subject to punitive damages under Title VII based upon the number of its employees.[1] The Town of Mansfield has more than 501 employees. (Testimony of Bea Kearney). Pursuant to Title VII's statutory cap, plaintiff is entitled to $300,000 in punitive damages under Title VII.[1]

Plaintiff is also entitled to treble damages under G.L. c. 149, § 185, which states that "The court may . . . compensate the employee for three times the lost wages, benefits and other remuneration, and interest thereon." G.L. c. 149, § 185 (d). Plaintiff argues that "other remuneration" refers to compensation and, therefore, includes compensatory damages. *Webster's Third New International Dictionary*, p. 1921 (unabridged edition 2002). In the event this Court denies plaintiff's request for trebling of damages under G.L. c. 149, § 185 (d), plaintiff is nonetheless entitled to punitive damages for violation of G.L. c. 151B, § 4 (4). (Count II).[2]

Plaintiff recognizes that G.L. c. 149, § 185, the Massachusetts Whistleblower's Act, pre-empts state law claims against the MMED to the extent that such claims provide a

---

[1] 42 U.S.C. § 1981 a(b)(3)(A)-(D) proscribes the damage cap as follows: A defendant with 14-100 employees - $50,000; 101-200 employees - $100,000; 201-500 employees - $200,000; 501 or more employees - $300,000.
[2] Defendant filed a Motion for Summary Judgment on this claim in the <u>Beliveau</u> matter only.

cumulative remedy. However, in enacting the waiver provision, the Legislature intended to prevent an employee from receiving a "duplicative recovery" based on a public employer's retaliatory action. Haddad v. Scanlon, 10 Mass. L. Rptr. 298 (July 16, 1999) (Welch, J.). Assuming *arguendo* that plaintiff is not entitled to punitive damages under G.L. c. 148, § 185 (d), an award of punitive damages under G.L. c. 151B, § 9 is not a duplicative remedy.

Furthermore, there is a presumption that a statute is intended to be interpreted in harmony with prior enactments to give rise to a consistent body of law. Charland v. Muzi Motors, Inc., 417 Mass. 580, 583 (1994). Chapter 151B states that inconsistent laws will not limit its scope. Section 9 states: "The provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof, and any law inconsistent with any provision hereof shall not apply . . ." (underlining added). G.L. c. 151B has also been held to be an exclusive remedy. See Green v. Wyman Gordon Company, 422 Mass. 551 (1996) (remedies and procedures of G. L. c. 151B are exclusive and operate to bar a claim under G. L. c. 214, § 1C, as well as claims arising out of the same facts brought under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I, and the Massachusetts Equal Rights Act, G. L. c. 93, § 102). The Whistleblower Act is inconsistent with Chapter 151B's exclusive remedy and punitive damage provision; therefore, the pre-emption provision does not apply.

Plaintiff further requests that the judgment include pre-judgment interest on the award of compensatory damages from February 23, 2005, the date of filing the Complaint. Pursuant to M.G.L. a. 231 § 63, pre-judgment interest begins to run on the date the complaint is filed at a rate of twelve percent per annum. An award of pre-judgment interest is "an element of complete compensation." Loeffler v. Frank, 108 S. Ct. 1965, 1971 (1988).

The objective is "to make the victims of unlawful discrimination whole by restoring them, so far as possible, to a position where they would have been were it not for the unlawful discrimination." <u>Ford Motor Co. v. EEOC</u>, 458 U.S. 219, 230 (1982). Plaintiff is also entitled to an award of post-judgment interest on all amounts awarded, at the Massachusetts rate, from date of entry of judgment. <u>Nardone v. Patrick Motor Sales, Inc.</u>, 46 Mass.App.Ct. 452 (1999).

Based upon the foregoing, plaintiff requests that this Court enter judgment against the Town of Mansfield Municipal Electric Department in the amount of $900,000 plus applicable interest, attorney's fees and costs.

Respectfully requested,
Kimberly Stoyle
By her Attorney


/s/ Lynn A. Leonard

_____

Lynn A. Leonard
Attorney At Law
527 Main Street, Suite 8
Melrose, MA  02176
(781) 662-6161
B.B.O. No. 561662

August 17, 2007