```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


KIMBERLY STOYLE,                    )
    Plaintiff,                      )
                                    )      CIVIL ACTION NO.
     v.                             )      05-10354-DPW
                                    )
THE MANSFIELD MUNICIPAL ELECTRIC    )
DEPARTMENT, JOHN D'AGOSTINO,        )
THE TOWN OF MANSFIELD BOARD OF      )
LIGHT COMMISSIONERS, LOUIS AMORUSO,)
MICHAEL McCUE, DAVID McCARTER,      )
DANIEL DONOVAN, ROGER ACHILLE AND   )
STEVEN MacCAFFRIE,                  )
    Defendants.                     )
```

MEMORANDUM AND ORDER
<u>DIRECTING JUDGMENT ON JURY'S SPECIAL VERDICT</u>
September 26, 2007

As ultimately presented to the jury for answers to special questions pursuant to Fed. R. Civ. P. 49(a), this case offered four potential grounds for recovery found in the plaintiff's complaint: retaliation under Title VII, 42 U.S.C. § 2000e-3(a); interference with First Amendment rights under 42 U.S.C. § 1983; retaliation under Mass. Gen. Laws ch. 151B; and retaliation in violation of the Whistelblowers statute, Mass. Gen. Laws ch. 149 § 185. The jury's answers, which included compensatory damages of $300,000.00 and punitive damages of $500,000.00, support judgment in a differential manner variously under the four theories as follows.

**I.  MMED: The Municipal Defendant**

    A.  I find the municipal employer to be the named defendant, the Mansfield Municipal Electric Department [the MMED].  It is not disputed that the MMED has more than 14 and fewer than 101 employees.  Consequently, a damage cap totaling $50,000 is applicable under Title VII.  42 U.S.C. § 1981a(b)(3).

    B.  The plaintiff may recover $300,000.00 in compensatory damages but no punitive damages against the municipal defendant under 42 U.S.C. § 1983.  Because the question of prejudgment interest was not presented to the jury, it may not be awarded under § 1983.

    C.  Having elected to proceed against the municipal defendant employer under the Whistleblower statute, the plaintiff is deemed pursuant to Mass. Gen. Laws ch. 149, 185(f), to have waived claims against her municipal employer for retaliation under Mass. Gen. Laws ch. 151B.

    D.  Because plaintiff's compensatory damages of $300,000.00 were for emotional distress and not remuneration as commonly understood, plaintiff's compensatory damages under the Whistleblower Statue may not be multiplied.  Such damages are subject to prejudgment interest at the rate of 12% per annum under Mass. Gen. Laws ch. 231, 6B from the date of the commencement of this proceeding on February 23, 2005.

    Thus, the maximum damage recovery to which the defendant is

entitled under the jury verdict against the municipal defendant is $300,000.00 in compensatory damages, with prejudgment interest, under the Whistleblower statute. Accordingly, the Clerk is directed to enter judgment against the defendant Mansfield Municipal Electric Department in the amount of $300,000.00 with prejudgment interest computed in accordance with Mass. Gen. Laws ch. 231 6B.

## II.  John D'Agostino: The Individual Defendant

A.   Title VII does not provide a cause of action against an individual supervisory employee, such as John D'Agostino, *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp 228, 236-39 (D. Mass. 1997) and consequently the plaintiff may not recover under Title VII against him.

B.   The plaintiff may recover under 42 U.S.C. § 1983 against John D'Agostino for both the compensatory and punitive damages found by the jury, but because the issue of prejudgment interest was not presented to the jury no such interest may be recovered under the § 1983 claim.

C.   The plaintiff may recover under Mass. Gen. Laws ch. 151B against John D'Agostino for both the compensatory and the punitive damages found by the jury. The award of prejudgment interest is automatic under Mass. Gen. Laws ch. 231, § 6B.

D.   The Whistleblower Statute does not create a cause of action directly against an individual supervisory employer.

Consequently, the plaintiff may not recover under the Whistleblower Statute against John D'Agostino.  By the same token, the waiver of other rights and remedies against an employer under the Whistleblower Statute, *see* Section I.C., *supra*, does not apply to claims against John D'Agostino under Mass. Gen. Laws ch. 151B.  *See Bennett v. City of Holyoke*, 230 F. Supp. 2d 207, 220-21 (D. Mass. 2002).

Accordingly, the Clerk is directed to enter judgment against defendant John D'Agostino jointly and severally with the Mansfield Municipal Electric Department in the amount of $300,000.00 in compensatory damages with prejudgment interest at the rate of 129% per annum from the date of the filing of this law suit and separately in the amount of $500,000.00 in punitive damages.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE