UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354-DPW

KIMBERLY STOYLE, )
    Plaintiff )
)
VS. )
)
THE MANSFIELD MUNICIPAL )
ELECTRIC DEPARTMENT , JOHN )
D'AGOSTINO, TOWN OF MANSFIELD )
BOARD OF LIGHT COMMISSIONERS, )
LOUIS AMORUSO, MICHAEL MCCUE )
DAVID MCCARTER, DANIEL )
DONOVAN, ROGER ACHILLE, AND )
STEVEN MACCAFFRIE, )
    Defendants )

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE JUDGMENT AWARDING THE PLAINTIFF PUNITIVE DAMAGES AGAINST JOHN D'AGOSTINO**

The defendants respectfully request that this Honorable Court reconsider its entry of judgment "for the Plaintiff Kimberly Stoyle against the Defendant John D'Agostino for punitive damages in the amount of five hundred thousand dollars ($500,000.00) with post-judgment interest, attorneys' fees and costs."[1] As grounds, the defendants submit that the jury awarded punitive damages only as to Town of Mansfield Municipal Electric Department ("MMED"), not against John D'Agostino. Accordingly, the entry judgment against him for punitive damages is thus impermissible.

---

[1] The Defendants limit the present motion to the award of the punitive damages in order to facilitate bringing the matter to this Court's attention so that it may rectify an error regarding the same. The Defendants do intend to submit a motion for judgment notwithstanding the verdict or, alternatively, for a new trial within the time period allowed following the entry of judgment.

1

I.  **BACKGROUND**

This Court is familiar with the overall facts of this case. For purposes of this motion, however, the following background is important and warrants reiteration:

After a Jury Trial and a verdict in favor of the Plaintiff, Kimberly Stoyle, against the Defendants, the Town of Mansfield Municipal Electric Department ("MMED") and John D'Agostino, the jury awarded the Plaintiff $300,000 "as compensatory damages for emotional distress" and $500,000 "as punitive damages against the Mansfield Municipal Electric Department." The jury did not specify the defendant or defendants who would be liable for the compensatory damages awarded, however, the jury specifically awarded punitive damages only against the MMED.

Following the verdict, the Plaintiff filed a motion seeking to have this Court enter judgment against the Town of Mansfield, who is not a named Defendant in this matter, in the amounts of $300,000 for emotional distress damages and $600,000 for punitive damages, pre- and post-judgment interest as well as a yet to be determined amount of attorneys' fees. Importantly, in her motion, the Plaintiff did not seek to have the Court enter judgment against John D'Agostino individually for punitive damages. Defendants MMED and D'Agostino opposed the Plaintiff's motion to have judgment entered against the Town and asked that this Court reduce the amount of compensatory damages awarded to $50,000 and the amount of punitive damages against the MMED to $50,000 by virtue of the law capping such awards, and they asked that judgment

enter against the MMED, not the Town. The defendants did not mention John D'Agostino in their motion because there was no award of punitive damages against him.

On September 26, 2007, the Court entered judgment for Plaintiff Stoyle against the MMED and John D'Agostino, jointly and severally, for compensatory damages of $300,000 and against D'Agostino, individually, for punitive damages of $500,000. The defendants agree that making both the MMED and Mr. D'Agostino liable for the compensatory damages award comports with the verdict of the jury. However, the order making John D'Agostino liable for the punitive damages award against the MMED is improper.

The jury verdict slip had asked the jury to determine "[w]hat sum of money, if any, do you award Kimberly Stoyle as punitive damages against the Mansfield Municipal Electric Department?" See Jury Verdict Form, attached hereto as Exhibit 1. At the time that this case was going to the jury, the plaintiff never requested that the jury award punitive damages against John D'Agostino. The final jury verdict slip agreed to by the court and the plaintiff, made no provision for the award of punitive damages as to D'Agostino, only as to the MMED. Thus, the plaintiff waived any claim of punitive damages to be awarded against D'Agostino. In the absence of such a jury finding that D'Agostino should be "punished", judgment cannot enter against John D'Agostino individually for punitive damages under M.G. L. c. 151B or 42 U.S.C. § 1983. Accordingly, the Defendants respectfully request that this Court vacate the judgment against John D'Agostino for the punitive damages award.

## II.    DISCUSSION

Punitive damages are awarded or rejected in a particular case at the discretion of the fact-finder, in this instance the jury.  See Lee v. Southern Home Sites Corp., 429 F.2d 290, 294 (5th Cir. 1970).  There is no vested right to punitive damages on the part of a plaintiff and, where allowed, they are awarded as a matter of public policy to punish outrageous conduct by the defendant or to deter similar conduct in the future.  See Smith v. Wade, 461 U.S. 30, 52, 103 S. Ct. 1625, 1638, 75 L.Ed.2d 632 (1983).  Punitive damages are imposed "in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct." Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).   They are allowed only with caution. Lee, 429 F.2d at 294; Aladdin Manufacturing Co. v. Mantle Lamp Co., 116 F.2d 708, 717 (7th Cir. 1941).

The allowance of such damages inherently involves an evaluation of the nature of the defendant's conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent.  Therefore, "the infliction of such damages, and the amount thereof are of necessity within the discretion of the trier of the fact." Lee, 429 F.2d at 294.  That is, if a plaintiff proves sufficiently serious misconduct on a defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award.  D. Dobbs, Law of Remedies 204 (1973); Smith v. Wade, 461 U.S. at 52.

Here, the jury was asked to consider and assess punitive damages solely in terms of the defendant MMED. The jury heard evidence of actions taken as to

Ms. Stoyle by multiple individuals who acted on behalf of the MMED, not only defendant D'Agostino.

The jury was asked to consider punitive damages as to all of those persons and made their award against the MMED. The plaintiff was free to ask that the jury be allowed to assess punitive damages against D'Agostino individually, not only the MMED, and chose not to. Thus, the jury was never asked to consider whether some form of pecuniary punishment or deterrent was warranted as against defendant D'Agostino individually.[2] As noted above, the infliction of punitive damages was strictly within the purview of the jury. There can be no award of such damages against a defendant in the absence of jury consideration of the same. Punitive damages cannot be imposed *sua sponte* post-trial and, certainly, a jury's consideration and award of punitive damages expressly against one defendant cannot simply be reassigned by the Court over to another defendant after the fact. The principles of fundamental fairness," "dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty" that may be imposed. Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 81 (1st Cir. 2001).

Here, after the jury awarded punitive damages only against the defendant MMED, the Court entered judgment containing a punitive damages award against defendant D'Agostino individually. In the absence of a jury

---

[2] It goes without saying then that the jury was never instructed on punitive damages in terms that might be relevant to defendant D'Agostino (as opposed to, say, an employer entity), including for example, that the jury could consider D'Agostino's financial worth in assessing punitive damages. See Acevedo-Luis v. Pagan, 478 F.3d 35 (1st Cir. 2007) (it was entirely proper to instruct the jury that it could consider the defendant's financial worth in assessing punitive damages).

consideration and award of the same against defendant D'Agostino, the defendants submit that the $500,000.00 punitive damages award against him is impermissible and should be vacated.

WHEREFORE, the Defendants respectfully request that this Honorable Court vacate the judgment against John D'Agostino for punitive damages.

        Respectfully submitted,
        The Defendants,
        By their attorneys,

        /s/ Leonard H. Kesten
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        Deidre Brennan Regan, BBO#552432
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

DATED: September 27, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. JOHN BELIVEAU,
    Plaintiff,

v.

TOWN OF MANSFIELD MUNICIPAL
ELECTRIC DEPARTMENT AND
JOHN D'AGOSTINO,
    Defendants.

CIVIL ACTION NO.
04-11329-DPW

CONSOLIDATED WITH:

KIMBERLY STOYLE,
    Plaintiff,

v.

TOWN OF MANSFIELD MUNICIPAL
ELECTRIC DEPARTMENT AND
JOHN D'AGOSTINO,
    Defendants.

CIVIL ACTION NO.
05-10354-DPW

VERDICT

**I. AS TO THE CLAIMS OF JOHN J. BELIVEAU**

**A. LIABILITY**

1. Was either (or both) of the following a motivating factor in the Defendants' decision to terminate John Beliveau:

    a. His support of Kimberly Stoyle's complaints to the Massachusetts Commission Against Discrimination?

Answer "YES" or "NO"        __YES__

    b.    His filing of his own complaints with the Massachusetts Commission Against Discrimination?

Answer "YES" or "NO"          __YES__

    2.    Did John D'Agostino seek to intimidate John Beliveau for supporting Kimberly Stoyle's MCAD complaints when D'Agostino publicly stated that he would sue certain employees after Kimberly Stoyle filed such complaints?

Answer "YES" or "NO"          __YES__

    3.    Was any one (or more) of the following a motivating factor in the Defendants' decision to terminate John Beliveau?

    a.    Beliveau's participation in the Ethics Commission investigation?

Answer "YES" or "NO"          __NO__

    b.    Beliveau's objection to retaliation against Kimberly Stoyle for her complaints of sexual harassment, based on his reasonable belief such retaliation against Stoyle was a violation of rule, regulation or statute?

Answer "YES" or "NO"          __YES__

    c.    Beliveau's objection to certain internal charges of the Town of Mansfield being charged to the Municipal Electric Department, based on his reasonable belief that such charges violated rule, regulation or statute?

Answer "YES" or "NO"          __YES__

2

    d.    Beliveau's objection to signing the vouchers for donations for oil and gas assistance, based on his reasonable belief that such vouchers violated rule, regulation or statute? Answer "YES" or "NO"    __NO__

    4.    Did John D'Agostino intentionally inflict emotional distress on John Beliveau after his termination from employment on February 12, 2004?
Answer "YES" or "NO"    __YES__

**If you have answered "YES" to one (or more) of Questions 1 through 4 in Section I.A. above, proceed to the remainder of the Questions. Otherwise turn to the Questions in Section II.A. regarding the Claims of Kimberly Stoyle.**

**B. BASIS FOR AND EFFECT OF RETALIATION CLAIM**

    1.    Did John Beliveau file his complaints with the Massachusetts Commission Against Discrimination in bad faith?
Answer "YES" or "NO"    __NO__

    2.    Would the Defendants have terminated John Beliveau on February 12, 2004 even if he had not engaged in any one (or more) of the activities you have found to be motivating factors in response to Questions I.A.1 or Questions I.A.3?

**If your answer is "YES" to any one (or more) of such activities, answer by identifying the relevant Questions by subsection (e.g., I.A.1 (x) or I.A.3 (x)), otherwise answer "NO."**

    __NO__

C.   DAMAGES

If you have answered "YES" to any one (or more) of the Questions contained in Section I.A. above, please proceed to answer the following Questions.

1.   What sum of money, if any, do you award John Beliveau as compensatory damages for

(Answer Qustion I.C.1.a only if you answered "YES" to any one (or more) of Questions I.A.1 or I.A.3., otherwise turn to Question I.C.1.b.)

    a.   Lost wages and benefits: $ _255,000_

                                       Answer in dollars or "None"

    b.   Emotional Distress:   $ _150,000_

                                       Answer in dollars or "None"

2.   What sum of money, if any, do you award John Beliveau as punitive damages against the Mansfield Municipal Electric Department?

                        $ _250,000_

                        Answer in dollars or "None"

## II. AS TO CLAIMS OF KIMBERLY STOYLE

### A. LIABILITY

1. Was one (or more) of the following a motivating factor in a decision by the Defendants thereafter to take adverse employment action against Kimberly Stoyle?

    a. Her rejection of sexual advances by Mr. D'Agostino?
Answer "YES" or "NO"      __NO__

    b. Her informal complaints to the Defendants regarding sexual harassment?
Answer "YES" or "NO"      __NO__

    c. Her formal complaints to the Massachusetts Commission Against Discrimination?
Answer "YES" or "NO"      __YES__

2. Was any one or more of the following a motivating factor in a decision by the Defendants thereafter to take adverse employment action against Kimberly Stoyle?

    a. Stoyle's participation in the Ethics Commission investigation?
Answer "YES" or "NO"      __NO__

    b. Stoyle's objection to certain internal charges of the Town of Mansfield being charged to the Municipal Electric Department, based on her reasonable belief that such charges violated rule, regulation or statute?
Answer "YES" or "NO"      __YES__

5

    c.    Stoyle's objection to withdrawals by the Town of Mansfield from the depreciation fund of the Municipal Electric Department based on her reasonable belief that such withdrawals were a violation of rule, regulation or statute?

Answer "YES" or "NO"                YES

    d.    Stoyle's complaints of sexual harassment based on her reasonable belief that such harassment was a violation of rule, regulation or statute?

Answer "YES" or "NO"                YES

**If you have answered "YES" to one (or more) of Questions 1 and/or 2 in Section II.A. above, proceed to the remainder of the Questions, otherwise return your verdict.**

**B.    BASIS FOR AND EFFECT OF SEXUAL HARASSMENT AND RETALIATION CLAIM**

    1.    Did Kimberly Stoyle file her complaints with the Massachusetts Commission Against Discrimination in bad faith?

Answer "YES" or "NO"                NO

6

2. Would the Defendants have engaged in the adverse employment actions against Kimberly Stoyle if she had not engaged in any one (or more) of the activities you have found to be motivating factors in response to Questions II.A.1 or Questions II.A.2?

**If your answer is "YES" to any one (or more) or such activities, answer by identifying the relevant Questions by subsection (e.g., II.A.a (x) or II.A.3 (x)), otherwise answer "NO."**

                 _____NO_____

**C. DAMAGES**

1. What sum of money, if any, do you award Kimberly Stoyle as compensatory damages for Emotional Distress?

       $ _300,000_

       Answer in dollars or "None"

2. What sum of money, if any, do you award Kimberly Stoyle as punitive damages against the Mansfield Municipal Electric Department?

       $ _500,000_

       Answer in dollars or "None"

_8/2/2007_                            _Carolyn Sanford_
DATE                                     FOREPERSON