UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE,<br>      Plaintiff | )<br>)<br>) |
| VS. | )<br>) |
| THE MANSFIELD MUNICIPAL<br>ELECTRIC DEPARTMENT, JOHN<br>D'AGOSTINO, TOWN OF MANSFIELD<br>BOARD OF LIGHT COMMISSIONERS,<br>LOUIS AMORUSO, MICHAEL MCCUE<br>DAVID MCCARTER, DANIEL<br>DONOVAN, ROGER ACHILLE, AND<br>STEVEN MACCAFFRIE,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF,
KIMBERLY STOYLE'S, MOTION FOR ATTORNEYS' FEES**

The Plaintiff brought this action against the Town of Mansfield Municipal Electric Department ("MMED"), John D'Agostino, Town of Mansfield Board of Light Commissioners, Louis Amoruso, Michael McCue, David McCarter, Daniel Donovan, Roger Achille and Steven MacCaffrie alleging that she was the subject of sexual harassment by John D'Agostino, that the individual members of the Board of Light Commissioners failed to respond appropriately when she complained of sexual harassment and that she was retaliated against after she filed her sexual harassment complaint with the Massachusetts Commission Against Discrimination in violation of Title VII and M.G.L. c. 151B. The Plaintiff also alleged that she was retaliated against for engaging in so-called "whistleblowing" activities in violation of M.G.L. c. 149, § 185 when she complained of alleged financial improprieties. After a jury trial and a verdict in

favor of the Plaintiff Kimberly Stoyle, a jury awarded Ms. Stoyle $300,000 in emotional distress damages and $500,000 in punitive damages against the MMED. The Plaintiff has now filed her Motion for Attorneys Fees and Costs. The award of such attorneys' fees is premature as the Court has not yet entered judgment and the Defendants have not yet had the opportunity to file their Motion for Judgment Notwithstanding the Verdict. Should the Court not grant the Defendants' Motion for Judgment Notwithstanding the Verdict and the Defendants are not successful on their subsequent appeal, the Defendants admit that for the purposes of her request for attorneys' fees, the Plaintiff will be the prevailing party. The Plaintiff is seeking $369,870.00 in attorneys' fees and $18,519.82 in costs. For the reasons set forth below, the Defendants oppose the Plaintiff's Motion as the requested hourly rate is not the prevailing rate in the community for attorneys of reasonably comparable skills, experience and reputation as the Plaintiff's attorney. In another case before the United States District Court, the Plaintiff's attorney was awarded $200 hourly rate. In addition, the hours expended by the attorney were not reasonable.

A.   **Calculating the Lodestar**

As the Court is well aware, the Plaintiff, as the prevailing party in this litigation is entitled to recover a fee award. The fact that she is the prevailing party however, does not mean that she can recover all of the time spent in this litigation. <u>Guckenberger v. Boston University</u>, 8 F. Supp.2d 91 (D. Massachusetts 1998), citing, <u>Culebras Enters. Corp. v. Rivera-Rios</u>, 846 F.2d 94, 102 (1st Cir. 1988). "Instead, the Court calculates a reasonable fee award using the lodestar method, which 'is the strongly preferred method by which district courts should

determine what fees to award prevailing parties…." Id., quoting Coutin v. Young & Rubican P.R., Inc., 124 F.3d 331,337 (1st Cir. 1997. "To arrive at an appropriate award, the Court 'must evaluate the data submitted by the fee-seeker, compute a loadstar, consider the totality of the adjustment factors approved by Congress and the [Supreme] Court, … and make specific, reasoned adjustments if it is to arrive at a reduced fee award.'". Id. "The loadstar approach 'contemplates judicial ascertainment of the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' as the starting point in constructing a fee award.'". Id. at p. 99, quoting, Coutin, 124 F.2d at 337 (quoting Hensley v. Eckerhart, 461 U.S. 424 (1983). The hours expended on this litigation as reflected in the Plaintiff attorney's billing records was excessive and the rate she is seeking to charge is not reasonable or comparable for lawyers of her skills, experience and reputation.

**B.    Reasonable Hourly Rate**

One part of the lodestar is the setting of an hourly rate for the attorney. The applicable rates are "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Porter v. Cabral, 2007 WL 602605 (D. Mass. February 21, 2007); Guckenberger, 8 F.Supp. at p. 103, quoting, , 8 F. Supp. at p. 103, quoting, Grendel's Den, 749 F.2d at 955. "As with the tabulation of reasonable hours, the Court should not accept attorney submissions at face value but rather should 'assign more realistic rates to time spent.'" Id., quoting Coutin, 124 F.3d at 337.

Here, the rate being requested by the Plaintiff's attorney is higher than those prevailing for lawyers of comparable skill, experience and reputation. In

fact, the Plaintiff's attorney was only last year awarded a rate of $200 per hour in another case in this Court. See, Porto v. Town of Tewksbury, United States District Court C.A. No. 04-10003 PBS, Memorandum and Order dated April 28, 2006. Here, the Plaintiff's attorney seeks reimbursement of $300 per hour – an increase of $100 for work, some of which was performed during the same period of time. In addition, the Plaintiff attaches to her Motion for Fees and Costs the affidavit of Katherine Michon, a partner at the law firm of Shilepsky O'Connell Casey Hartley Michon Yelen, LLP, a seasoned employment attorney who sets forth the rates charged for attorneys in her Boston law firm. With all due respect to the Plaintiff's attorney, her experience and reputation are not comparable to that of Ms. Yelen who is a partner in a Boston law firm and who has spent years focusing on employment litigation. In addition, the Plaintiff's attorney's skills and experience are not comparable to the associates in Ms. Yelen's firm. Further, the Plaintiff's attorney is a solo practitioner located outside of Boston and her rate should be compared to solo practitioners of comparable experience and reputation outside of Boston. Finally, rather than cite to the recent case in which her own rate was set by the Court at $200, the Plaintiff's attorney references cases in which the Court has awarded fees to attorneys in large Boston law firms to support her requested rate. Again, the rate awarded to the Plaintiff's attorney should be compared to rates and fees earned by other attorneys who practice outside of Boston and who have had little trial experience and little experience prosecuting employment cases.[1]

---

[1] In support of her requested rate, the Plaintiff notes that the Defendants paid 100% of the

C.     **Reasonable Hours Expended**

Typically, a court proceeds to compute the loadstar amount by ascertaining the time counsel actually spent on the case 'and then subtract[ing] from that figure the hours which were duplicative, unproductive, excessive or otherwise unnecessary. Here, the Plaintiff's attorney submitted what appear to be contemporaneous time records. The submitted bills reflect the Plaintiff's attorney's 1254.9 hours on this litigation.[2]

The Plaintiff seeks $18,519.82 in costs, most of which appear to be out-of-pocket expenses, not "litigation costs". Those costs are not recoverable. As an example, the Plaintiff seeks reimbursement for parking for both her and her attorney separately in the amount of $953, including tokens presumably for public transportation. In addition, the Plaintiff seeks $2,990.58 in copying costs both in-house and through the use of an outside copying service as well as for postage fees, costs of "supplies" as well as the cost to presumably send and receive facsimiles. Again, such costs are not recoverable. The Defendants do not dispute the other costs included in the Plaintiff's bills such as the costs for deposition transcripts and filing fees associated with this litigation and typically considered to be costs associated with litigation.

---

attorney's fees requested in the *Beliveau* matter exceeding $1 million and including a rate of $320 to Christine Griffin, a seventh year associate and $490 per hour to lead counsel Juliane Balliro. The amount of attorneys' fees paid is *Beliveau* and the rates requested by the Plaintiff's attorneys in that case are not relevant here as the payment of the attorneys' fees was part of a negotiated settlement with *Beliveau*. Had that matter not settled, there is no doubt that the Defendants would have challenged those rates and fees as well.
[2] This amount includes the 1232.9 hours set forth in billing records appended to the Plaintiff's original motion as well as 22 hours of time subsequently set forth separately by the Plaintiff's attorney and provided to the Defendants for review.

While the Plaintiff's attorney appears to have kept contemporaneous time records, some of the time spent on tasks is clearly excessive especially for an attorney who claims to be so seasoned and experienced in this area of law that she claims she should be reimbursed at a rate of $300 per hour.  For example, the Plaintiff's attorney spent almost twenty-four hours drafting the complaint.  This is clearly excessive given that the facts contained in the complaint were almost all contained in a charge of discrimination filed with the Massachusetts Commission Against Discrimination.  Further, the Plaintiff's attorney apparently spent 68.5 hours drafting an opposition to a partial motion for summary judgment filed by the Defendants seeking to dismiss the individuals. This 68.5 hours, over one full week's worth of time, is simply for the time spent drafting the memorandum. The Plaintiff's attorney spent an additional 31.4 hours conducting research in order to oppose the motion and summarizing deposition transcripts presumably for use in the opposition. Clearly, almost 100 hours spent opposing a partial motion for summary judgment on the discrete issue of whether the Plaintiff could proceed against the individual defendants, an issue the Plaintiff conceded in favor of the individual Defendants just prior to trial, is excessive.

        Respectfully submitted,
        The Defendants,
        By their attorneys,

        /s/ Leonard H. Kesten
        Leonard H. Kesten, BBO# 542042
        Deborah I. Ecker, BBO# 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        (617) 880-7100

        /s/ Susan Jacobs
        Susan Jacobs, Esq.
        VOLTERRA, GOLDBERG & JACOBS
        Three Mill Street
        Attleboro, MA 02703
        (508) 222-1463

DATED: September 27, 2007