UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br><br>　　　　　　　　Defendants | C.A. No. 05-10354-DPW |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
ENJOINING DISPOSAL OF DEFENDANT JOHN D'AGOSTINO'S ASSETS**

Now comes the plaintiff Kimberly Stoyle in the above-referenced matter, pursuant to Fed. R. Civ. P. 65, and respectfully requests that this Honorable Court issue a preliminary injunction enjoining defendant John D'Agostino from spending, dissipating, transferring, selling or otherwise disposing of assets or cash up to a value of $1,247,000, except to the extent necessary to pay ordinary and usual personal and business expenses.

An asset freeze order is in the nature of an injunction, and its propriety should be analyzed under the traditional four-part test. Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151 (1st Cir. 2004). "To merit a preliminary injunction under Fed. R. Civ. P. 65(a), the moving party must show (1) a likelihood of success on the merits; (2) the potential

for irreparable injury if the injunction is denied; (3) that such injury outweighs any harm to the defendant; and (4) that the injunction would not harm the public interest." Rodriguez v. Montalvo, et al., 37 F.Supp.2d 3, 5 (2005), citing Lanier Professional Services, Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999). The first factor, a likelihood of success on the merits, is the most important. Id. at 5, citing New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 8 (1st Cir. 2002).

The facts of this case satisfy the four-part test under Rule 65. On September 26, 2007, the Court entered judgment in this case for the plaintiff against John D'Agostino for compensatory damages in the amount of $300,000, for punitive damages in the amount of $500,000 and for attorney's fees and costs. Attorney's fees and costs were requested in the amount of $375,000. The Court awarded $72,296.00 in prejudgment interest. See, Judgment attached hereto as Exhibit 1. On September 27, 2007, counsel for D'Agostino filed a Motion to Reconsider the Judgment. Given the legal status of the case, there is a high likelihood that the plaintiff will recover judgment against the defendant.

Plaintiff seeks an injunction to prevent a fraudulent transfer of the property before the judgment is satisfied. Plaintiff would suffer irreparable harm in the absence of an injunction because she would be unable to collect on the judgment. Rodriguez, 371 F.Supp.2d at 6. A strong showing of a likelihood of success on the merits diminishes the potential for irreparable harm to the defendant. Id. at 7. Lastly, an asset freeze levied against John D'Agostino individually would not harm the public interest.

WHEREFORE, plaintiff respectfully requests that this Honorable Court issue a preliminary injunction enjoining John D'Agostino from spending, dissipating, transferring,

selling or otherwise disposing of assets or cash up to a value of $1,247,000, except to the extent necessary to pay ordinary and usual personal and business expenses.

                Respectfully requested,
                Kimberly Stoyle
                By her Attorney

                /s/ Lynn A. Leonard
                _____
                Lynn A. Leonard
                Attorney At Law
                527 Main Street, Suite 8
                Melrose, MA  02176
                (781) 662-6161
                B.B.O. No. 561662

Dated:  October 3, 2007

### CERTIFICATE OF SERVICE

      I, Lynn A. Leonard, hereby certify that I have served the foregoing Motion for Preliminary Injunction upon all counsel of record by electronic filing service on October 3, 2007.

                /s/ Lynn  A. Leonard
                _____
                Lynn A. Leonard

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY STOYLE,　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　CIVIL ACTION NO.
　　　v.　　　　　　　　　　　　　　　　)　05-10354-DPW
　　　　　　　　　　　　　　　　　　　　)
THE MANSFIELD MUNICIPAL ELECTRIC　　　 )
DEPARTMENT, JOHN D'AGOSTINO,　　　　　 )
THE TOWN OF MANSFIELD BOARD OF　　　　 )
LIGHT COMMISSIONERS, LOUIS AMORUSO,　 )
MICHAEL McCUE, DAVID McCARTER,　　　　 )
DANIEL DONOVAN, ROGER ACHILLE AND　　 )
STEVEN MacCAFFRIE,　　　　　　　　　　 )
　　　Defendants.　　　　　　　　　　　 )

JUDGMENT
September 26, 2007

WOODLOCK, District Judge

　　　In accordance with: (1) the jury verdict returned on August 2, 2007; (2) the Memorandum and Order issued this day directing judgment on the jury's special verdict and (3) the oral Order of the Court on June 15, 2007 allowing Plaintiff's Motion to Dismiss certain of her claims, it is hereby ORDERED, ADJUDGED AND DECREED;

　　　1.　　Judgment for the Plaintiff Kimberly Stoyle against the Defendants Mansfield Municipal Electric Department and John D'Agostino, jointly and severally, for compensatory damages in the amount of three hundred thousand dollars ($300,000.00) with prejudgment interest of $72,296.00, post-judgment interest, attorneys' fees and costs as provided by law; and

2.  Judgment for the Plaintiff Kimberly Stoyle against the Defendant John D'Agostino for punitive damages in the amount of five hundred thousand dollars ($500,000.00) with post-judgment interest, attorneys' fees and costs as provided by law.

> BY THE COURT
>
> /s/ Jarrett Lovett
>
> Jarrett Lovett
> Deputy Clerk

DATED: September 26, 2007