**Mansfield Residents**
**Mansfield, MA  02048**

September 28, 2007

United States District Court For the District of Massachusetts
Honorable Douglas P. Woodlock, Suite 4110
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Ref: Civil Action No. 05-10354-DPW

Dear Sir,

      As concerned citizens of the town of Mansfield we forward to you articles that Mr. D'Agostino has submitted to the Sun Chronicle in Attleboro.
      It has become increasingly clear that Mr. D'Agostino has no regard for the Federal Court or the proceedings he has just come thru.  As you can see he continues to lie and harass Ms. Stoyle in the newspapers.  We would like you to have this information prior to hearing any further Motions or finalization of any settlement.

      Thank you for your time.

SECTION B
RSDAY
20, 2007
CHRONICLE

Y KESSLER
ronicle.com
3-236-0330

# City & Town

**COMMUNITY:** FOXBORO, MANSFIELD, NORTON: B5   **OBITUARIES:** B6   **CALENDAR:** B8   **WEATHER:** B8

**LOCAL:**
Bizarre accidents occur in city and North Attleboro, including this city rollover, right. **B3**



## Mansfield manager fires back

### ostino: No finding that he 'sexually harassed anyone'

AFF

own Manager John
 his first major
dnesday amid con-
r a lawsuit that
town employee's
te agency that
ly harassed her.
e explicitly clear
that there was no finding either by the jury or by the Massachusetts Commission Against Discrimination that I sexually harassed anyone," D'Agostino wrote in a five-page typed statement he released late Wednesday.

Along with the statement, D'Agostino released a copy of the June 2004 decision by the discrimination commission, in which the agency dismissed former Mansfield Municipal Electric Department employee Kimberly Stoyle's sexual harassment complaint against him.

"Based upon the commission's investigation, the commission is unable to conclude that the information obtained establishes a violation of the statutes," wrote the investigating commissioner, Walter J. Sullivan Jr.

The lawyer who looked into Stoyle's allegations, Ellen Pinkos Cobb, wrote in a supporting document that Stoyle "did not submit sufficient evidence" to support her case, and that the "incidents (Stoyle) alleged ... do not rise to a level of severe or pervasive conduct."

Cobb also noted that prior to the oft-mentioned occasion when D'Agostino told Stoyle she looked "delicious," Stoyle had sent D'Agostino an e-mail where she told him, "Just call me sugar!"

After they were fired, Stoyle and former electric department Director Jack Beliveau sued the town.

Following a $1.45 million jury decision in August in favor of the two, selectmen voted to pay Beliveau a

SEE **MANSFIELD**, PAGE B4 ▶

# ▶ MANSFIELD: Judge reduces town's penalty

FROM PAGE A1

municipal employer, federal law does not allow Stoyle to recover punitive damages from the utility.

Therefore, the judge threw out the $500,000 in punitive damages against the electric department that the jury awarded to Stoyle, reducing from $800,000 to $300,000 the damages that the town owes her for claims against the electric department.

Those damages are only part of what the town will pay to Stoyle if the ruling stands. On Wednesday, Woodlock also ordered the town to pay Stoyle $72,296 in interest to cover the period before the judgment, plus more interest for the period after the judgment, and her attorney's fees.

Monetary figures for the second interest award and Stoyle's attorney's fees were not immediately available, but the final amount is expected to be significant.

In addition, there was confusion Wednesday night about the other part of Woodlock's ruling, in which the judge ordered that D'Agostino, himself, pay $500,000 in punitive damages to Stoyle.

Mansfield voters agreed in May to indemnify municipal officials, both elected and appointed, when they face a civil rights claim or lawsuit for their official actions, except for intentional violations of civil rights. The indemnification is capped at $1 million.

Selectman George Dentino has argued that the town cannot legally indemnify officials against civil rights violations, but town counsel maintains that it can.

The Aug. 2 jury verdict awarded Stoyle $500,000 "as punitive damages against the Mansfield Municipal Electric Department" specifically; D'Agostino was not listed as liable for that award in the verdict.

In Wednesday's ruling, however, the judge ordered D'Agostino to pay Stoyle the $500,000 in punitive damages that the jury did not order him to pay in August.

D'Agostino's lawyer questioned why the judge had done that since, he said, Stoyle's lawyers chose not to sue the town manager for punitive damages.

"I have never seen such a thing," Leonard Kesten, the lawyer representing both D'Agostino and the town, said in an interview with The Sun Chronicle.

Kesten said he plans to file a motion in federal court today asking that the $500,000 in punitive damages against D'Agostino be dropped from Wednesday's ruling because of the wording of the Aug. 2 jury verdict.

"I am confident that the judge will recognize his error today," Kesten said.

Jarrett Lovett, the deputy clerk of the district court who filed the final judgment for Woodlock, did not return a message requesting clarification Wednesday.

The town can also choose to appeal the judge's ruling to the 1st U.S. Circuit Court of Appeals.

Kesten said a decision on whether to appeal should be made in the next few weeks.

Mansfield's town counsel, Robert Mangiaratti, and Stoyle's attorney, Lynn Leonard, did not return requests for comment on the ruling Wednesday.

Stoyle is one of two plaintiffs in the lawsuit that led to Wednesday's ruling.

In August, the town agreed to pay a $1.65 million settlement to the electric department's former director, Jack Beliveau, who had also sued the town after he was fired.

The same jury that found in favor of Stoyle awarded Beliveau $655,000 in compensatory and punitive damages. As part of the settlement, the town also paid $1 million for Beliveau's attorney's fees.

Fallout from the lawsuit remains at the center of Mansfield politics, with the town divided over whether D'Agostino should remain, resign, or be fired.

The controversy has also sparked a campaign to recall selectmen Chairman Louis Amoruso and Selectman David McCarter in a special election that is now set for early November.

Amoruso and McCarter, along with three other former selectmen, were named as defendants in the lawsuit's civil docket and in Wednesday's ruling, but not in the August jury verdict form.

Meanwhile, a special selectmen's meeting that was to take place Wednesday night for the purpose of letting residents air their concerns was abruptly cancelled shortly before 5 p.m.

Amoruso did not return a phone call requesting comment on both the judge's ruling and the cancellation.

# ▶ MANSFIELD: D'Agostino has his say

FROM PAGE B1

a settlement of $1.6 million, about two-thirds of it for legal fees.

"I want to make this perfectly clear: There was no finding of sexual harassment against anyone in this federal lawsuit," D'Agostino wrote.

"Ms. Stoyle did not sue me for sexual harassment in the federal lawsuit. She had the opportunity to do so, and she chose not to."

For his part, Beliveau contends that D'Agostino fired him in February 2004 in retaliation for supporting Stoyle's discrimination complaint.

In his statement, however, the town manager said Beliveau was "a divisive force" at town hall who was "undermining the (electric department) and the town, and was working to further his own agenda."

D'Agostino added, "The action I took, as your town manager, was done with the best interests of the town in mind," and "was not a decision I made lightly."

The town has not settled with Stoyle.

The jury found that Stoyle was not fired for rejecting D'Agostino's sexual advances or for informally complaining about sexual harassment, but rather for filing her formal complaint with the discrimination commission.

D'Agostino said that despite calls for his removal, he intends to remain.

"I appreciate all the kind words and support I have received over the past few weeks," he wrote, "and I look forward to moving Mansfield forward in a positive direction."

> 
> 
> 'The action I took, as your town manager, was done with the best interests of the town in mind' and 'was not a decision I made lightly.'
> 
> Mansfield Town Manager
> John D'Agostino
> 
> 

---

**TED NESI** covers Mansfield for The Sun Chronicle. He can be reached at tnesi@thesunchronicle.com or 508-236-0434.

# Judge cuts back Mansfield penalty

▶ More legal wrangling to follow over discrimination suit against town

BY TED NESI
SUN CHRONICLE STAFF

**MANSFIELD** — A federal judge Wednesday altered an August jury verdict against the town that awarded $800,000 to a former electric department employee, and the town's attorney says he will contest the changes today, possibly reducing the total damages by half.

A civil jury found on Aug. 2 both the town electric department and Town Manager John D'Agostino liable for discrimination and retaliation against Kimberly Stoyle during her tenure as the electric department's chief financial officer.

The jury awarded Stoyle $300,000 in compensation for emotional distress from both parties. Jurors also awarded $500,000 to Stoyle in punitive damages from the Mansfield Municipal Electric Department.

On Wednesday, however, Judge Douglas P. Woodlock found that because the town's electric department is a

SEE **MANSFIELD**, PAGE A2 ▶

**WEATHER**



**TODAY:** T-storm late this afternoon; high 80
**TONIGHT:** Breezy; low 62
**FRIDAY:** Rain; high 75
**DETAILS. PAGE B8**