UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STOYLE,<br>    Plaintiff<br><br>v.<br><br>THE MANSFIELD MUNICIPAL ELECTRIC DEPARTMENT, JOHN D'AGOSTINO, THE TOWN OF MANSFIELD BOARD OF LIGHT COMMISSIONERS, LOUIS AMORUSO, MICHAEL McCUE, DAVID McCARTER, DANIEL DONOVAN, ROGER ACHILLE AND STEVEN MacCAFFRIE,<br><br>    Defendants | C.A. No. 05-10354-DPW |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Now comes the plaintiff Kimberly Stoyle, pursuant to Fed. R. Civ. P. 59, and respectfully requests that this Honorable Court alter or amend the Judgment. Specifically, plaintiff requests that Judgment enter under M.G.L. c. 151B jointly and severally against the Municipal Electric Department ("MMED") and John D'Agostino for punitive damages in the amount of $500,000.

Chapter 151B states that inconsistent laws will not limit its scope. Section 9 states: "The provisions of this chapter shall be construed <u>liberally</u> for the accomplishment of the purposes thereof, <u>and any law inconsistent with any provision hereof shall not apply</u> . . ." (underlining added). G.L. c. 151B has also been held to be an exclusive remedy. See <u>Green v. Wyman Gordon Company</u>, 422 Mass. 551 (1996) (remedies and procedures of G. L. c.

151B are exclusive and operate to bar a claim under G. L. c. 214, § 1C, as well as claims arising out of the same facts brought under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I, and the Massachusetts Equal Rights Act, G. L. c. 93, § 102). Accordingly, the pre-emption provision of G.L. c. 149, § 185, the Massachusetts Whistleblower's Act, does not apply to plaintiff's Chapter 151 B claim against the MMED.

Furthermore, there is a presumption that a statute is intended to be interpreted in harmony with prior enactments to give rise to a consistent body of law. Charland v. Muzi Motors, Inc., 417 Mass. 580, 583 (1994). A broad interpretation of the pre-emption provision set forth in G.L. c. 149, §185 is inconsistent with Chapter 151B's mandate. In enacting the waiver provision, the Legislature intended to prevent an employee from receiving a "duplicative recovery" based on a public employer's retaliatory action. Haddad v. Scanlon, 10 Mass. L. Rptr. 298 (July 16, 1999) (Welch, J.). It did not intend to diminish a plaintiff's remedies for civil rights violations. Here, an award of punitive damages against the MMED under G.L. c. 151B, § 9 is not a duplicative remedy.

WHEREFORE, plaintiff requests that this Honorable Court enter judgment under G.L. c. 151B jointly and severally against the Municipal Electric Department ("MMED") and John D'Agostino for punitive damages in the amount of $500,000.

          Respectfully submitted,
          Kimberly Stoyle
          By her Attorney


          /s/ Lynn A. Leonard
          _____
          Lynn A. Leonard
          Attorney At Law
          527 Main Street, Suite 8
          Melrose, MA  02176
          (781) 662-6161
          B.B.O. No. 561662


Dated:  October 5, 2007


**CERTIFICATE OF SERVICE**

  I, Lynn A. Leonard, hereby certify that I have served the foregoing Motion for Reconsideration upon all counsel of record by electronic filing service on October 5, 2007.


          _____
          Lynn A. Leonard