UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10354-DPW

| | |
|---|---|
| KIMBERLY STOYLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| THE MANSFIELD MUNICIPAL | ) |
| ELECTRIC DEPARTMENT and JOHN | ) |
| D'AGOSTINO, | ) |
| | ) |
| Defendants | ) |

**DEFENDANT JOHN D'AGOSTINO'S OPPOSITION TO PLAINTIFF'S MOTION FOR REAL ESTATE ATTACHMENT AND MOTION FOR PRELIMINARY INJUNCTION**

After a Jury Trial and a verdict in favor of the Plaintiff, Kimberly Stoyle, against the Defendants, the Town of Mansfield Municipal Electric Department ("MMED") and John D'Agostino, the jury awarded the Plaintiff $300,000 "as compensatory damages for emotional distress" and $500,000 "as punitive damages against the Mansfield Municipal Electric Department." The jury did not specify the Defendant or Defendants who would be liable for the compensatory damages awarded. However, the jury specifically awarded punitive damages only against the MMED.

Following the verdict, the Plaintiff filed a motion seeking to have this Court enter judgment against the Town of Mansfield, who was not a named Defendant in this matter, in the amounts of $300,000 for emotional distress damages and $600,000 for punitive damages, pre- and post-judgment interest as well as a yet to be determined amount of attorneys' fees. Importantly, in her motion, the Plaintiff did not seek to have the Court enter judgment against John

1

D'Agostino individually for punitive damages. Defendants MMED and D'Agostino opposed the Plaintiff's motion to have judgment entered against the Town and asked that this Court reduce the amount of compensatory damages awarded to $50,000 and the amount of punitive damages against the MMED to $50,000 by virtue of the cap on such awards contained in Title VII, and they asked that judgment enter against the MMED, not the Town. Neither the Plaintiff nor the Defendants asked this Court to enter an award of punitive damages against Defendant D'Agostino.

On September 26, 2007, the Court entered judgment for Plaintiff Stoyle against the MMED and John D'Agostino, jointly and severally, for compensatory damages of $300,000 and against D'Agostino, individually, for punitive damages of $500,000. The Defendant John D'Agostino filed a Motion for Reconsideration of the Judgment, specifically that portion of the judgment awarding the Plaintiff punitive damages of $500,000 against Mr. D'Agostino. The Court has not acted on that Motion.

The Plaintiff has now filed a Motion for a Real Estate Attachment seeking to attach any and all interests in real estate held by Mr. D'Agostino up to the sum of $1,247,000. The Defendant, John D'Agostino opposes the Motion for Real Estate Attachment on the grounds that he will not be responsible individually for the award of compensatory damages as the damages were awarded jointly and severally against him and the MMED. Further, he will not be responsible for paying any award of attorney's fees to the Plaintiff as the MMED will be responsible for that award. In addition, pursuant to his employment contract with the Town of Mansfield the Town is required to indemnify Mr. D'Agostino. Finally, pursuant to M.G.L. c. 258, § 13, the Town of Mansfield is required to

indemnify Mr. D'Agostino for judgments rendered against him during the course of his employment with the Town of Mansfield, including any amount awarded for attorneys' fees.

In its memorandum and order directing judgment on the verdict, this Court determined that the Plaintiff could recover against Mr. D'Agostino under 42 U.S.C. § 1983 and M.G.L. c. 151B for both compensatory and punitive damages despite the fact that, in her motion for judgment, the Plaintiff (1) never argued that she could recover any damages under § 1983 (and the Court already had determined that any claim for aiding and abetting under c. 151B was not supported by the evidence**)** and (2) never asked or argued that any amount of judgment enter against Mr. D'Agostino individually.

In this action, the jury assessed punitive damages <u>only</u> against the defendant MMED. The jury had been instructed that there were numerous individuals acting on behalf of the MMED besides Mr. D'Agostino who could take adverse employment action. Accordingly, the assignment the punitive damages award of $500,000 against Mr. D'Agostino then was impermissible.

The Plaintiff argues that because the question as to whether Mr. D'Agostino was liable for punitive damages was omitted from the verdict form, Rule 49(a) authorized the court to make a finding on the issue. In so arguing, she misconstrues a critical component of the rule. Rule 49(a) was designed to have the court supply an omitted subsidiary finding that would complete the jury's determination. <u>Kinnell v. Mid-Atlantic Mausoleums, Inc.</u>, 850 F.2d 958, 965 (3d Cir. 1988). See <u>Guidry v. Kem Mfg. Co.</u>, 598 F.2d 402, 406 (5th Cir. 1979), *cert. denied* 445 U.S. 929, 100 S. Ct 1218, 63 L.Ed.2d. 763 (1980) (purpose of Rule 49(a) is to sidestep the "hazard [of] ... the verdict remain[ing] incomplete and

indecisive."). In this case, the question of whether punitive damages should be awarded against Mr. D'Agostino is not such a subsidiary finding. Thus, the issue of punitive damages was not "omitted" within the meaning of Rule 49(a). The plaintiff argues that the instructions stated that Mr. D'Agostino and his acts were effectively those of the MMED, the instruction on punitive damages did not reference any single defendant, and the "punitive damage award reflects the jury's ... assessment of D'Agostino's 'personal acts.'" If one accepts the plaintiff's argument, then the issue of punitive damages as a result of the actions of Mr. D'Agostino did go to the jury, and the jury assessed Mr. D'Agostino's "personal acts." The jury then did not award punitive damages against Mr. D'Agostino, but did so only against the MMED. Thus, it then is not an omitted issue under Rule 49(a), and the court could not make findings thereon pursuant to that rule. See Kattar v. Demoulas, 433 Mass. 1, 739 N.E.2d 246 (Ma. Super. 2000) (where issue whether note was modified was fully argued and submitted to jury, trial court erred in concluding it was an omitted issue and in making findings on the matter).

In this case, the verdict form asked only whether they awarded punitive damages against the MMED. The jury was not asked to specify what actors or what conduct of the MMED actors warranted the award of such damages. The Plaintiff argues that the award of punitive damages against D'Agostino alone is appropriate because D'Agostino's acts were those of the MMED. However, it does not follow that the MMED's acts were solely those of D'Agostino. In fact, the Court specifically instructed the jury that:

> "[Y]ou understand as well that there are individuals who are involved with the Municipal Light Department like the various members of the Board who can take adverse employment action as well. *And the*

4

*suggestion has been made by Ms. Stoyle that one or another of them did that*, that *certain of their actions constituted adverse employment actions. Certain of the things that they did and said in relation to her work constituted adverse employment action.* For your purposes, we're dealing with two particular sets of defendants – the corporate defendant, that is, the Municipal Light Department, and Mr. D'Agostino. Mr. D'Agostino is effectively the Municipal Electric Light. What he does is the acts of the Municipal Light Department, but there may be other actors or somebody you decide who could have had adverse employment – engaged in adverse employment with respect to Ms. Stoyle. And those are said to be the members of --- certain members of the Board under certain circumstances contribution in some fashion to the hostile work environment that she says she encountered."

Rule 49(a) gives the district court the authority to make a finding on an omitted question of fact but it does not give it the right to substitute its judgment for that of the jury on the question of damages. Payton v. Abbott Labs, Inc., 780 F.2d 147, 153-54 (1st Cir. 1985). Certainly, any finding that the jury's award of $500,000 in punitive damages against the MMED resulted solely from the actions of D'Agostino would be pure speculation. See Ramos v. Davis & Geck, Inc., 224 F.3d 30, 32 (1st Cir. 2000) (court's factual findings allocating jury's lump sum award among multiple claims was based on pure speculation and clearly erroneous).

While Rule 49(a) permits the court to fill a factual gap left open by the verdict, it does not permit the court to displace the jury. Anderson v. Cryovac, 862 F.2d 910, 920 (1st Cir. 1988). That is what would occur here if the award of punitive damages against Mr. D'Agostino stands. The Court has taken the damages assessed by the jury against the MMED (which encompassed actors other than Mr. D'Agostino) and transferred the liability to Mr. D'Agostino solely. A defendant, however, is entitled to have the jury, not the judge, determine damages. Payton, supra. In this action, the jury awarded no punitive damages against Mr. D'Agostino.

5

In order to obtain a real estate attachment, the Plaintiff must show that she has a reasonable likelihood that Mr. D'Agostino will owe her the punitive damages award individually. As described above, it is reasonably likely that this Court will vacate that award. Therefore, the Motion for Real Estate Attachment should be denied.

For the same reasons, the Plaintiff's Motion for Preliminary Injunction must be denied.

    Respectfully submitted,
The Defendants,
By their attorneys,

*/s/ Leonard H. Kesten*
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
Deidre Brennan Regan, BBO#552432
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: October 26, 2007

## **CERTIFICATE OF SERVICE**

  I, Leonard Kesten of the law firm of Brody, Hardoon, Perkins & Kesten, LLP, do hereby certify that on October 26, 2007, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which would then notify the following CM/ECF participants in this case:

Lynn A. Leonard, Esq.<br>
527 Main Street, Suite 8<br>
Melrose, MA 02176<br>
(781) 662-6161<br>
[Attorney for the Plaintiff]

as well as provide additional copies to Deborah Ecker and Anita Sullivan.

        */s/ Leonard Kesten*
        Leonard H. Kesten, BBO# 542042

DATED: October 26, 2007